PENNSYLVANIA RAILROAD COM-
PANY, Libellant,

v.

THE MARIE LEONHARDT, her engines, tackle, apparel, and furniture, and against all persons intervening and their interests in the same, Claimant.

LEONHARDT & BLUMBERG, of Hamburg, Germany, as owner of THE MARIE LEONHARDT, Cross-Libellant,

v.

PENNSYLVANIA RAILROAD COM-
PANY, Cross-Respondent.

No. 13 of 1959.

United States District Court
E. D. Pennsylvania.

Dec. 30, 1959.

Philip Price, Philadelphia, Pa., for Railroad.

Richard W. Palmer, Philadelphia, Pa., for Leonhardt.

VAN DUSEN, District Judge.

■■ The position taken by libellant and cross-respondent in the above-mentioned motion that there is no authority to take the depositions of the above-named witnesses (as opposed to parties [1]) for discovery on notice is correct. See Dowling v. Isthmian S. S. Corp., 3 Cir., 1950, 184 F.2d 758; cf. Brown v. Isthmian Steamship Corp., D.C.E.D.Pa.1948, 79 F.Supp. 701; Atlass v. Miner, 7 Cir., 1959, 265 F.2d 312, certiorari granted 361 U.S. 807, 80 S.Ct. 66, 4 L.Ed.2d 57. However, the United States Court of Appeals for the Third Circuit has recognized that the taking of discovery depositions should be left to the determination of the admiralty judge. See Dowling case, supra, 184 F.2d at pages 784–787. Judge Kraft has recently granted leave to take the deposition of witnesses for discovery in admiralty. See, for example, order of 12/15/59 in Reading Company v. Pope & Talbot, Inc., etc., No. 471 of 1957 in Admiralty.[2]

Under the peculiar circumstances of the collision of a vessel with a drawbridge involved in this case, the proposed depositions may well lead to a more effective pre-trial conference, which Judge Kraft has continued to March 21, 1960, by order of 12/15/59 (Document No. 20) because "the action is not ripe for pre-trial hearing" due to incomplete discovery. The notice of deposition attached to claimant's (and cross-libellant's) brief is being treated as a motion for leave to take depositions in order to expedite the matter. By the attached letter of December 29, objections to the *duces tecum* portions of the subpoenas have been withdrawn.

Order

And now, December 30, 1959, after hearing and consideration of the attached briefs of counsel, letter of December 29, 1959, oral argument, and the record, it is ordered that claimant and cross-libellant may take the oral depositions of Walter Dougherty (drawbridge operator), Charles E. Howell (signal tower operator), and George C. Vaughn (regional manager) in accordance with the terms of F.R.Civ.P. 26, 28 U.S.C.A., which are incorporated in this order by reference, and that the motion of libellant and cross-respondent to stay the taking of depositions and to quash subpoenas (Document No. 17) is denied as being moot.

---

1. The better practice would seem to be to secure court approval of taking the depositions for discovery of parties also. See Dowling v. Isthmian, etc., infra.

2. Cf. order of December 8, 1959, by Judge Kraft in Tanker Transport, Inc. v. Barge Interstate No. 8, No. 231 of 1958 in Admiralty, and Boyer v. S. S. Atlantic Caracas, No. 331 of 1958 in Admiralty.