**Application of JOHNSON & JOHNSON for Contempt Order against Jordan of Norway, Inc., et al.**

**Misc. No. 87.**

United States District Court,
D. Delaware.

March 30, 1973.

Allen M. Terrell, Jr., of Richards, Layton & Finger, Wilmington, Del., and Thomas J. Ward, of Schuyler, Birch, Swindler, McKie & Beckett, Washington, D. C., of counsel, for petitioner, Johnson & Johnson.

Richard E. Poole, of Potter, Anderson & Corroon, Wilmington, Del., and Michael I. Rackman, of Gottlieb, Rackman & Reisman, New York City, of counsel, for respondents Jordan of Norway, Inc., Per Lindbo, Leif Sandvik, and Kjell Holtermann.

## OPINION AND ORDER

LATCHUM, District Judge.

Two matters are presently before the Court: (1) Johnson & Johnson's petition to punish respondents, Jordan of Norway, Inc. ("Jordan-Delaware"), a Delaware corporation, and Per Lindbo ("Lindbo"), Leif Sandvik ("Sandvik"), and Kjell Holtermann ("Holtermann"), for contempt because they failed to appear for depositions as directed by subpoenas *duces tecum* issued out of this court, and (2) respondents' motion to quash the subpoenas.

Briefly stated, the relevant background facts are as follows: A/S W.

Jordan Borste & Penselfabrik, a Norwegian corporation ("Jordan-Norway"), filed an application in the United States Patent Office for registration of the trademark "J. Jordan of Norway".[1] Thereafter Johnson & Johnson commenced an opposition proceeding in the Patent Office before the Trademark Trial and Appeal Board opposing the issuance of the trademark registration to Jordan-Norway. As a part of the Patent Office proceeding Johnson & Johnson served notices to take the depositions of Lindbo, Sandvik, and Holtermann on February 15, 1973 in Wilmington, Delaware.[2] Subpoenas were issued out of this court directing the appearance of the named individuals, who were identified therein as officers of Jordan-Delaware,[3] the wholly-owned U.S. subsidiary of Jordan-Norway. The subpoenas were served on Jordan-Delaware's registered agent in Wilmington. Holtermann and Lindbo are officers of Jordan-Delaware. However Holtermann resides and works in Connecticut, Jordan-Delaware's principal place of business, while Lindbo resides and works in Norway. Sandvik is not an officer of Jordan-Delaware, but only of Jordan-Norway, and he also works and resides in Norway. Jordan-Norway filed a motion for a protective order with respect to the subpoenas pursuant to Rule 26(c), F.R.Civ.P., before the Trademark Trial and Appeal Board ("The Board") on behalf of the three subpoenaed individuals. The Board denied Jordan-Norway's motion on the ground that only the court issuing the subpoenas had the power to grant the relief sought. Johnson & Johnson then petitioned this court to issue, pursuant to Rule 37(b), F.R.Civ.P., a contempt citation against Jordan-Delaware, Lindbo, Sandvik, and Holtermann. The respondents countered with a motion under Rule 45, F.R.Civ.P., and 35 U.S.C. § 24 to quash the subpoenas.

---

1. Serial Number 372,966.

2. Docket Item 4, Exhibits A-C.

3. The subpoenas identified Lindbo and Sandvik also as officers of Jordan-Norway.

The respondents' main contentions in opposition to the petition for contempt and in support of their motion to quash are: (1) that the subpoenas were directed to the individuals, not Jordan-Delaware, so that Rule 45(c), requiring personal service of subpoenas on the individuals to be effective, was not complied with, (2) that 35 U.S.C. § 24, which governs subpoenas and witnesses regarding testimony to be used in a contested case in the Patent Office only authorizes the issuance of subpoenas for witnesses residing in the district issuing the subpoenas, and (3) a non-party witness who is an officer of a non-party corporation can only be required to submit to deposition where he resides or at the principal place of business of the corporation.

Johnson & Johnson for its part argues that the motion to quash the subpoenas should be dismissed as moot.

■ Turning first to the motion to quash the subpoenas, respondents Lindbo, Sandvik, and Holtermann were directed to appear on February 15, 1973. By their failure to appear on that date the subpoenas were dishonored and spent so that any consideration of the motion to quash would be academic at this point. The Court therefore declines to grant the motion to quash for mootness. United States v. Loft, 182 F.Supp. 322 (S.D.N.Y.1960).

■ Turning now to a consideration of the petition for a contempt order, it should be noted first that Johnson & Johnson's petition should have been brought under Rule 45(f) rather than Rule 37(b).

■ It is a proper defense to a petition for a contempt order for failing to obey a subpoena to establish that the requirements of Rule 45 which govern the validity of a subpoena were not met. Doble v. U. S. District Court, 249 F.2d 734 (C.A.9, 1957).

■ The respondents first contend that the subpoenas were directed toward the individuals named in the subpoenas and that no personal service was made upon them as required by Rule 45(c). Johnson & Johnson counters that the subpoenas were in reality directed to Jordon-Delaware to produce the individuals named in the subpoenas as corporate officers for the purpose of taking their depositions. The respondents' position is the correct one. The notices of depositions are clearly directed to the individuals. They give only the names and addresses of the individuals with no mention of their capacity as officers of Jordan-Delaware. Furthermore, the subpoenas set forth the names of the individuals directed to appear and only parenthetically identify them as officers of Jordan-Delaware. The only reasonable inference to be drawn from the notices and the subpoenas is that they were directed to the named individuals, Lindbo, Sandvik, and Holtermann, and not to Jordan-Delaware. Under Rule 45(c), personal service of a subpoena is required when an individual is subpoenaed. Here service was made on the registered agent for Jordan-Delaware in Wilmington. This does not fulfill the requirement for personal service on the individuals who also happen to be officers of Jordan-Delaware.

■■ This requirement applies particularly to Sandvik since it appears that he was not even an officer of Jordan-Delaware. Clearly service of Sandvik's subpoena upon Jordan-Delaware did not provide him with sufficient notice of his duty to appear. Even if the notice of deposition and subpoena had been directed to Jordan-Delaware to make Sandvik available for questioning and not to Sandvik individually, Jordan-Delaware could not be held in contempt for failure to comply since Sandvik is not an officer of Jordan-Delaware.

■■ Respondents' second defense is that 35 U.S.C. § 24 only authorizes the court to issue subpoenas for witnesses residing or being within the district. Lindbo, Sandvik, and Holtermann all re-

side and work outside this district, and so are outside this Court's subpoena power. Once again, Johnson & Johnson contends that the subpoenas were in reality directed to Jordan-Delaware, which is a "resident" of this district by virtue of its incorporation in Delaware. Conceding Johnson & Johnson's contention, the result remains the same. 35 U.S.C. § 24 incorporates the Federal Rules of Civil Procedure relating to the attendance of witnesses and the production of documents. The attendance of a non-party witness at a deposition can only be compelled in accordance with Rule 45. Chemical Specialties Co. v. Ciba Pharmaceutical Prod., 10 F.R.D. 500 (D.N.J.1950); 4 J. Moore, Federal Practice ¶ 26.70[1.1]. It has been held that under Rule 45 a witness who is an officer of a non-party corporation must submit to examination pursuant to a subpoena served on the corporation, but the examination must take place where the officer-witness resides or at the corporation's principal place of business. Less v. Taber Instrument Corp., 53 F.R. D. 645 (W.D.N.Y.1971). Jordan-Delaware's principal place of business is in Connecticut. Hence, even if the notices of depositions and the subpoenas had been directed to Jordan-Delaware there would have been no necessity for it to produce its officers for depositions to be taken in Wilmington.

Johnson & Johnson suggests that not only were the notices of depositions and the subpoenas directed to Jordan-Delaware, but also that Jordan-Delaware is the *alter ego* of Jordan-Norway, its foreign parent, so that the notices and subpoenas were directed in fact to a party, and a corporate party can be compelled to make its officers available for depositions in the place of incorporation. Johnson & Johnson has cited no authority nor has the Court discovered any which permits a corporate veil to be pierced for the purpose of Rule 45. The Court declines to take this novel approach.

Accordingly, the Court finds that the subpoenas were not validly served and this Court lacked subpoena power to compel Lindbo, Sandvik and Holtermann to appear in Wilmington for the purpose of taking their depositions.

While the respondents have asserted other grounds for the invalidity of the notices and subpoenas, these need not be considered in view of the rulings rendered herein.

### ORDER

For the reasons stated above, it is ordered (1) that respondents' motion to quash the subpoenas is denied and (2) that Johnson & Johnson's petition for a contempt order against the respondents is also denied.