**Edgar W. CLEVELAND, Individually and on behalf of each and all other persons similarly situated who were wheat farmers in the State of Oklahoma and sold wheat on the open market from May 1, 1972, until September 1, 1972, Plaintiff,**

v.

**Clarence PALMBY, Continental Grain Company, Cargill, Incorporated, Louis Dreyfus Corporation, Cook Industries, Garnac Grain Company, and Bunge Corporation, Defendants.**

**M.D.L.No. 129 CIV–72–731–D.**

United States District Court, W. D. Oklahoma.

Feb. 17, 1977.

Jim A. Ikard, Oklahoma City, Okl., H. Keith Myers, Hollis, Okl., Stan P. Doyle, M. David Riggs, Tulsa, Okl., for plaintiff.

Harry B. Ireland, Everett B. Gibson, Memphis, Tenn., Page Dobson, Oklahoma City, Okl., for defendant Cook Industries.

## ORDER

DAUGHERTY, Chief Judge.

This matter is before the Court concerning Plaintiff's Notice to Take Deposition of a Willard Sparks. Said Notice, filed herein on February . 2, 1977, directed Sparks to appear at a deposition examination in Oklahoma City, Oklahoma on February 9, 1977 at 10:00 a. m. Defendant Cook Industries, Inc. (Cook), Sparks' employer, has filed an Objection to Deposition Notice. Cook contends that Sparks, a resident of Memphis, Tennessee, should not be required to appear at the deposition examination in Oklahoma City. Plaintiff has filed a Response to Cook's Objection.

In its Response, Plaintiff alleges that on December 2, 1976 it served upon Cook Notice to Take Deposition of two of Cook's employees on December 16, 1976 in Memphis, Tennessee. Plaintiff further states that one of said employees appeared at the scheduled deposition examination but that the other, Sparks, failed to appear. Plaintiff now requests that this Court either require Sparks to appear for deposition examination in Oklahoma City; impose sanctions upon Cook for Sparks' failure to attend the earlier deposition examination in Memphis; or grant Plaintiff leave to file a new Notice to Take Deposition with Cook required to name Sparks as one of its designated witnesses pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure.

Though Plaintiff's Response herein makes three requests of the Court, said Response is neither designated as a Motion or Application nor accompanied by a Brief as required by Local Rule 13. Nevertheless, the Court in its discretion will treat each of Plaintiff's requests.

■ Plaintiff first requests that this Court require Sparks to appear at the deposition examination in Oklahoma City. As the Court has no authority to do this, said request should be denied. Where a deponent is not a party to the action, he can be compelled to appear at a deposition examination only by issuance of a subpoena. *Application of Johnson & Johnson*, 59 F.R.D. 174 (D.Del. 1973); *Pennsylvania Railroad Co. v. The Marie Leonhardt*, 179 F.Supp. 437 (E.D.Pa. 1959); *Srybnik v. Epstein*, 13 F.R.D. 248 (S.D.N.Y. 1952); *Mulligan v. Eastern S.S. Lines, Inc.*, 6 F.R.D. 601 (S.D. N.Y. 1946); *Fruit Growers Co-op. v. California Pie & Baking Co.*, 3 F.R.D. 206 (E.D. N.Y. 1942); *Czuprynski v. Shenango Furnace Co.*, 2 F.R.D. 412 (W.D.N.Y. 1942); Wright & Miller, Federal Practice and Procedure: Civil § 2106. The party seeking the examination has the burden of proving the capacity of the person sought to be examined. *Transcontinental Motors, Inc. v. NSU Motorenwerke Aktiengesellschaft*, 45 F.R.D. 37 (S.D.N.Y. 1968); *Proseus v. Anchor Line, Ltd.*, 26 F.R.D. 165 (S.D.N.Y.

1960). As Plaintiff has not established that Sparks is either a party to the instant action or an officer, director or managing agent of a party herein, Plaintiff can compel Sparks' attendance at a deposition examination only by issuance of a subpoena upon said witness pursuant to Rule 45(d). As the Notice to Take Deposition that has been served upon Sparks cannot compel said nonparty witness to attend the deposition examination in Oklahoma City and there is no indication that said witness has been subpoenaed to attend such examination, Plaintiff's request that this Court require Sparks' attendance at the examination should be denied.

■ Plaintiff's second request is that the Court impose sanctions upon Cook for Sparks' failure to attend the earlier deposition examination in Memphis, Tennessee. In particular, Plaintiff seeks to have Cook pay any travel expenses Plaintiff might incur should it be required to travel to Memphis to take Sparks' deposition. This request should also be denied. Where an employee is not regarded as speaking for the corporation, sanctions cannot be imposed against the corporation for the failure of its employee to appear at a deposition examination. A distinction must be drawn between a mere corporate employee and those who may be regarded as speaking for the corporation. Except where the employee has been designated by the corporation under Rule 30(b)(6), *supra*, as a witness who consents to testify on behalf of the corporation, or is an officer, director, or managing agent of the corporation, an employee is treated in the same way as any other witness. His presence must be obtained by subpoena rather than by notice and sanctions cannot be imposed against the corporation if he fails to appear. See *Banks v. Travelers Insurance Co.*, 60 F.R.D. 158 (E.D.Pa. 1973); *Wilkerson v. East Harbor Trading Corp.*, 16 F.R.D. 280 (S.D.N.Y. 1954); *Denoto v. Pennsylvania Railroad Co.*, 16 F.R.D. 567 (S.D.N.Y. 1954); *Garshol v. Atlantic Refining Co.*, 12 F.R.D. 204 (S.D. N.Y. 1951); *Mattingly v. Boston Woven Hose & Rubber Co.*, 12 F.R.D. 266 (S.D.N.Y.

1952); *Society of Independent Motion Picture Producers v. United Detroit Theatres Corp.*, 8 F.R.D. 453 (E.D.Mich. 1948); Wright & Miller, Federal Practice and Procedure: Civil § 2103. As indicated earlier in this Order, Plaintiff has not established that Sparks, as an employee of Cook, bears such a relation to Cook that he might be regarded as speaking for said corporation. Accordingly, sanctions cannot be imposed against Cook for Sparks' failure to attend the earlier deposition examination in Memphis. Plaintiff's request for such sanctions should be denied.

■ Plaintiff's third request asks that the Court grant Plaintiff leave to file a new Notice to Take Deposition. By this request, Plaintiff apparently contends that the subject matter to be inquired into in the deposition examination of Sparks necessitates that Cook be required to designate Sparks as a person consenting to testify on Cook's behalf pursuant to Rule 30(b)(6), *supra*. Plaintiff's request should be denied. Rule 30(b)(6), *supra*, provides that a party who is unable to name the specific employee or agent of an organization that he wishes to depose, can simply name the organization as the deponent and describe with reasonable particularity the matters on which examination is requested. It is then the duty of the organization to name one or more persons who consent to testify on its behalf and these persons must testify as to matters known or reasonably available to the organization. This Rule does not provide that a party can specifically name an employee of an organization and then require the organization to designate such employee as a witness to testify on behalf of the organization. Accordingly, Plaintiff's request for same should be denied.

It is so ordered this 17th day of February, 1977.