**Robert V. PACE, Plaintiff,**

v.

**Paul E. FURDON and Lloyd
Baylis, Defendants.**

**Civ. A. No. 73–3494–C.**

United States District Court,
D. Massachusetts.

Nov. 20, 1978.

Robert V. Pace, pro se.

Brian P. Lutch, Barry R. Furrow, Peter S. Terris, Palmer & Dodge, Boston, Mass., for defendants.

OPINION

CAFFREY, Chief Judge.

This is a civil action brought pursuant to the provisions of 42 U.S.C.A. §§ 1983, 1985. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331, 1343. After a non-jury trial, I find and rule as follows:

Plaintiff Robert V. Pace is a resident of the Commonwealth of Massachusetts. Defendants Paul E. Furdon and Lloyd Baylis are police officers employed by the Police Department of the Town of Lexington, Massachusetts. Plaintiff alleges that, acting under color of state law, defendants denied him his right to due process "guaranteed under the Fourth Amendment of the Constitution of the United States by 28·

U.S.C.A. § 1732 and Rule 30 of the Federal Rules of Civil Procedure."

The gravamen of plaintiff's complaint is that, during the month of June of 1973, he had several conversations with defendant Baylis relative to pending litigation in which plaintiff was a party. Plaintiff claims that Baylis agreed to cooperate with him in connection with that litigation and give testimony as a witness for plaintiff in that case, *Pace v. Edward J. King*. Plaintiff further alleges that on June 18, 1973 Baylis reneged on his prior promise to plaintiff to give a deposition supportive of plaintiff in that pending litigation and that, as a consequence of Baylis' changed position, he caused a notice of deposition to be served on Baylis. Baylis failed to appear for the deposition on June 30, 1973. Plaintiff also alleges that he was arrested on July 2, 1973 and charged with harassing and threatening a police officer. Plaintiff states in the complaint that the arrest was made by two members of the Bedford, Massachusetts Police Department and that the warrant issued by the District Court of Central Middlesex (Concord District Court) was not supported by a sworn affidavit. Plaintiff concludes the allegations in the charging portion of his complaint by stating that he is innocent of the charges brought against him in the Concord District Court and by further stating "that the arrest action by the defendants" deprived him of his rights to due process.

At the trial, plaintiff called two witnesses—Lewis Olmstead and himself. Mr. Olmstead's testimony established only that he had known plaintiff since 1968; that he has typed plaintiff's pleadings in the instant case; and that he signed an affidavit. The affidavit on objection was excluded, and Mr. Olmstead testified as to no facts material to the allegations of plaintiff's complaint. Accordingly, he was not cross examined by counsel for defendants.

Mr. Pace testified that he met defendant Baylis in 1969; that he informed Mr. Baylis that he had filed suit in this court against one Edward J. King; and that he wished to take Baylis' deposition in connection with that case. He further testified that Baylis originally agreed to give a deposition and then declined to do so when given a specific date for the deposition. Plaintiff testified that on June 23, 1973 he served a notice of deposition on Baylis and that Baylis did not appear to give his deposition in response to that notice. On cross examination plaintiff conceded both that Baylis was not a party in the action against Edward J. King and, more significantly, that the notice of deposition was not addressed to defendant Lloyd Baylis but was, in fact, addressed to a Robert Baylis.

▪ Even had the notice of deposition been addressed to Lloyd Baylis rather than to Robert Baylis, the defendant Lloyd Baylis would still have had no legal obligation to appear and give his deposition. It is well-settled law that attendance of a non-party deponent may be compelled only by service upon him of a deposition subpoena. *Cleveland v. Palmby,* 75 F.R.D. 654 (W.D. Okla.1977); *Application of Johnson & Johnson,* 59 F.R.D. 174 (D.Del.1973); *Pennsylvania Railroad Co. v. The Marie Leonhardt,* 179 F.Supp. 437 (E.D.Pa.1959).

▪ Plaintiff conceded that he was not arrested by either defendant or any other member of the Lexington Police Department but was, in fact, arrested on the state court charged by officers of the Bedford Police Department. He also admitted on cross examination that he eventually admitted sufficient facts in one of the two criminal cases against him in the Concord District Court to afford a judge a basis for making a finding of guilty and assessing a $50 fine on him. He further testified that he paid the fine in that case and that the other criminal case was continued for a year without a finding. Certified copies of the records of the Concord District Court corroborating plaintiff's admissions were introduced into evidence.

Prior to resting his case after adducing only the above-described evidence, plaintiff informed the Court that he would have called as part of his case an additional fourteen witnesses, all of whom are unfortunately deceased. Plaintiff further advised

the Court that none of the decedents in his opinion were old and that none of them died "from old age." He stated that their deaths were caused by auto accidents or by radiation poisoning and labelled their deaths as "unusual." Plaintiff clearly implied that in his opinion there was something sinister about the deaths of his fourteen witnesses. However, this Court has drawn no inferences negative to defendants from these opinions of the plaintiff.

On the basis of the foregoing, I rule that plaintiff has failed to sustain his burden of proving by a preponderance of the evidence any illegal conduct on the part of defendant Paul E. Furdon or defendant Lloyd Baylis, and, accordingly, an order should be entered dismissing the complaint.