## George H. BENFORD

v.

**AMERICAN BROADCASTING COMPANIES, INC., and Mrs. Isaac (Betty) Hamburger and Miss Kathleen T. Gardner and Mrs. Lillian M. Teitelbaum and David L. Holton and Margaret Osmer.**

### Civ. A. No. N–79–2386.

United States District Court,
D. Maryland.

Jan. 28, 1983.

Wilson K. Barnes, and Little, Hall & Steinmann, P.A., Baltimore, Md., and Dean E. Sharp, Washington, D.C., for plaintiff.

Stanley M. Brand, Steven R. Ross and Michael L. Murray, U.S. House of Representatives, Washington, D.C., for movant, Benjamin J. Guthrie.

NORTHROP, Senior District Judge.

### MEMORANDUM

In this action, the movant, Benjamin J. Guthrie, Clerk of the United States House of Representatives, asks this Court to quash a subpoena *duces tecum.* The subpoena requests that he produce documents and other evidence relevant to this case which are under his custodianship.[1]

The facts underlying this decision are not complex, nor are they in dispute. On March 22, 1982,[2] this Court issued the sub-

---

**1.** When the subpoena was first issued, the Clerk of the United States House of Representatives was Edmund L. Henshaw, Jr. Upon Mr. Henshaw's retirement on January 3, 1983, Benjamin J. Guthrie was elected as his successor. 129 Cong. Rec. H5 (daily ed. January 3, 1983).

**2.** This decision on the motion *sub judice* was stayed on July 16, 1982, pending this Court's consideration of the possible impact of *Nixon v.*

poena in question and it was duly served on the Clerk of the House, as a non-party witness, at his office in the United States Capitol.[3] Shortly thereafter, the subject Motion to Quash was filed by counsel for the congressional defendants on his behalf.

Essentially, the movant's argument is that this Court lacked the jurisdiction to issue the subpoena, inasmuch as Rule 45(d)(2) of the Federal Rules of Civil Procedure applies to the location of the deposition only, and not to the service of the subpoena therefor.[4]

In support of this argument, the movant cites the commentary of Professor Moore, where, in a footnote, he said:

> It [Rule 45(d)(2)] does not deal with the place at which the subpoena may be served. This [is] left governed by the general principles of territorial jurisdiction. Since service of a subpoena to take a deposition is unaided by the 100 mile provision of Rule 45(c) the subpoena must be served within the district.

5A Moore's Federal Practice paragraph 45.06[1] n. 6, citing *Application of Johnson & Johnson,* 59 F.R.D. 174 (D.Del.1973).

A careful reading of the case upon which Professor Moore relied, shows quite clearly that his conclusions were: (1) that the general principles of territorial jurisdiction govern the place at which a subpoena may be served; and (2) that a subpoena directed to a non-party witness for deposition must be served within the district where the deposition is to take place.[5]

Nothing he says restricts, nor could it, this Court's inherent power to serve a subpoena on a witness for deposition who works or resides at a place within 40 miles of this Court. Clearly, Rule 45, read in its entirety, permits this process.

To hold to the contrary, as counsel for the movant suggests would permit the subpoena of a witness for trial up to 100 miles away, but not for the deposition in preparation therefor.

This Court strongly disagrees with movant's counsel and finds that the logic of *SCM Corporation v. Xerox,* 76 F.R.D. 214 (D.Conn.1977) would best be followed in this case. There, in struggling with incon-

---

*Fitzgerald,* 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982), and *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), on certain immunity issues which had been raised. The stay was lifted on December 22, 1982, in *Benford v. American Broadcasting Companies, Inc., et al.,* 554 F.Supp. 145 (D.Md. 1982).

**3.** The United States Capitol is 37 miles from this Court and approximately four miles from the State of Maryland border.

**4.** Rule 45(d)(2), Federal Rules of Civil Procedure reads as follows:

> A resident of the district in which the deposition is to be taken may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court. A nonresident of the district may be required to attend only in the county wherein he is served with a subpoena, or within 40 miles from the place of service, or at such other convenient place as is fixed by an order of court.

**5.** In *Application of Johnson & Johnson,* supra, individuals identified as officers of Jordan-Delaware, a Connecticut corporation, were served

with subpoenas demanding their appearance for a deposition in Wilmington, Delaware. They were not served personally but by service on Jordan-Delaware's resident agent in Wilmington, Delaware. One of the three "officers" worked and resided in Connecticut, another worked and resided in Norway. The third was an officer of Jordan-Norway, Jordan-Delaware's parent corporation, but had no direct affiliation with Jordan-Delaware. The court ruled the subpoenas were invalid because the respondent "officers" were directed to appear in their individual capacity, not as officers of Jordan-Delaware, and the service was on an agent of the corporation. Under Rule 45(c), Federal Rules of Civil Procedure, personal service is required when an individual is subpoenaed. The only other statements made in that case concerning Rule 45 were restatements of the obvious:

> (1) "The attendance of a non-party witness can only be compelled in accordance with Rule 45". *Id.* at 178; and
> (2) "[A] witness who is an officer of a non-party corporation must submit to examination pursuant to a subpoena served on a corporation, but the examination must take place where the officer-witness resides or at the corporation's principal place of business." *Id.*

sistent provisions of Rule 45, the District Court of Connecticut suggested that the need for uniformity prevailed.

We have a similar need for uniformity. There is absolutely no need to bifurcate the subpoena process for a witness who works and resides within 40 miles of the Court issuing the subpoena. *Cf. United States v. Cotton Valley Operators Committee,* 75 F.Supp. 1 (W.D.La.1948).

Accordingly, the movant's Motion to Quash will be denied. A separate Order will be entered directing the movant to abide by the subpoena in a manner consistent with this opinion and certain agreements made in open court.

### ORDER

Having considered the memoranda and arguments of counsel in open court concerning the Motion to Quash a Subpoena filed by the Clerk of the United States House of Representatives, IT IS, this 28th day of January, 1983, by the United States District Court for the District of Maryland, ORDERED:

1. That the Motion to Quash filed in this Court on April 15, 1982 by the Clerk of the United States House of Representatives BE, and the same hereby IS, DENIED;

2. That paragraph A.1 on page 2 of the Attachment to Subpoena *Duces Tecum* BE, and the same hereby IS, stricken from the plaintiff's request for production of documents;

3. That counsel for the plaintiff and counsel for the movant arrange for a time before April 30, 1983, convenient to the movant, for counsel for the plaintiff to inspect and copy, at the office of the movant or any other convenient place he so designates, and at plaintiff's expense, all other documents specified in plaintiff's Attachment to Subpoena *Duces Tecum* beginning at Section C on page 4 through and including Section D which ends at the bottom of page 6;

(a) That said documents are to be used by counsel for the plaintiff for the purpose of this litigation only;

(b) That this first examination of documents is without prejudice to plaintiff's right to examine those other documents specified in the plaintiff's request.