733 F.2d 634
 39 Fed.R.Serv.2d 475
 In re Benjamin J. GUTHRIE, Clerk, U.S. House of
Representatives, Petitioner.
In the Matter of George H. BENFORD, Plaintiff,
v.
AMERICAN BROADCASTING COMPANIES, INC., a New York
Corporation; Mrs. Isaac (Betty) Hamburger; Miss
Kathleen T. Gardner; Mrs. Lillian M.
Teitelbaum; David L. Holton;
Margaret Osmer, Defendants.
 No. 83-1653.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 7, 1984.
Decided May 8, 1984.
 
 Stanley M. Brand, General Counsel to the Clerk, Michael L. Murray, Asst. Counsel to the Clerk, Steven R. Ross, Deputy Counsel to the Clerk, Washington, D.C., (Eugene Gressman, Chapel Hill, N.C., University of N.C., School of Law on brief), for appellant.
 Dean E. Sharp; George B. Driesen, Washington, D.C. (Wilson K. Barnes, Baltimore, Md., on brief), for appellee.
 Before WINTER, Chief Judge, RUSSELL and CHAPMAN, Circuit Judges.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 In this appeal the Clerk of the United States House of Representatives, Benjamin J. Guthrie, challenges the validity of an adjudication of civil contempt against him for refusal to comply with a subpoena duces tecum and order issued by the United States District Court for the District of Maryland, requiring the Clerk to permit examination of documentary records of the House by a civil litigant, appellee George H. Benford. For the reasons stated below, we reverse the order holding the Clerk in contempt and quash the subpoena.
 
 
 2
 This dispute arose from discovery proceedings in Benford v. American Broadcasting Companies, Inc., Civ.Action No. N-79-2386 (filed Dec. 27, 1979), in which plaintiff Benford contends that his legal rights were violated by the surreptitious taping and subsequent broadcast by ABC of a sales meeting arranged by congressional aides working for the House Select Committee on Aging in an undercover investigation of alleged abuses in the sale of Medicare supplementary health insurance policies, including cancer insurance. Twice previously this case has come before us;[1] on this third, and presumably not the last, appeal the Clerk, a nonparty to the principal litigation, has been ensnared in its coils.
 
 
 3
 On December 8, 1981 Benford caused a subpoena duces tecum to be issued by the District Court for the District of Columbia, requiring the Clerk to appear at a deposition in the District of Columbia and produce various documents concerning the Select Committee's investigation and communications with ABC. Eventually the Clerk agreed to produce any documents in his custody "referring to or constituting communications between any Congressional Defendant and American Broadcasting Company [sic]" evidencing dissemination to those outside Congress of information pertaining to the Select Committee's investigation, and the District Court for the District of Columbia entered a consent order to that effect. Benford v. American Broadcasting Companies, Inc., Misc. No. 82-35 (D.D.C. Mar. 26, 1982). Plaintiff then withdrew the remainder of his District of Columbia subpoena. The Clerk subsequently informed Benford that no documents of the sort specified in the order could be located.
 
 
 4
 Benford caused another subpoena duces tecum to be issued by the District Court for the District of Maryland on March 22, 1982, requiring the Clerk[2] to appear at a deposition in Bethesda, Maryland and produce five categories of documents.[3] The Clerk asserts that these are substantially the same records as sought in the withdrawn District of Columbia subpoena. After the Maryland subpoena was served on the Clerk at his office in the United States Capitol, and the Clerk notified the Speaker as required by House Rule L(50), the Speaker and joint leadership of the House instructed the Clerk not to produce the records. The Clerk then moved to quash the subpoena, on the ground that the District Court for Maryland lacked jurisdiction to issue a deposition subpoena to be served on a nonparty witness outside the territorial limits of the state in which it sits.
 
 
 5
 The District Court denied this motion, finding that it had an "inherent power" to issue a deposition subpoena on a witness who works or resides at a place within 40 miles of the court under Fed.R.Civ.P. 45, owing to the need for "uniformity."[4] Benford v. American Broadcasting Companies, Inc., 98 F.R.D. 40, 41 (D.Md.1983). In its order, the District Court modified the subpoena, striking a portion of the request and providing that the parties arrange for inspection and copying of the third and fourth categories of documents before April 30, 1983 at the office of the Clerk or any other convenient place he should designate. Id. at 42.
 
 
 6
 The Select Committee on Aging moved to intervene on February 25, 1983 and obtain a protective order against disclosure of the documents on the basis of the Speech or Debate Clause of the federal Constitution.[5] The District Court refused to entertain an absolute constitutional defense, and determined that to invoke a privilege the Committee would have to provide a detailed index of the relevant documents for purposes of in camera inspection, Benford v. American Broadcasting Companies, Inc., 98 F.R.D. 42, 45 & n. 2 (D.Md.1983). Intervention was denied on the additional grounds that the Committee's interests were adequately protected by existing parties, and that intervention would result in unnecessary delay. Id. at 47.
 
 
 7
 After the District Court denied intervention by the Select Committee, the House of Representatives on April 28, 1983 adopted a resolution asserting the constitutional privileges of the House under the Speech or Debate and Publication Clauses,[6] and directing the Clerk not to produce the subpoenaed records of the Select Committee to plaintiff or the District Court. H.R.Res. 176, 98th Cong., 1st Sess., 129 Cong.Rec. H2456 (daily ed. April 28, 1983).
 
 
 8
 Subsequently, pursuant to a show cause motion by plaintiff and after due hearing, the District Court on June 24, 1983 found the Clerk in contempt for noncompliance with the subpoena, and imposed a continuing fine of $500 for each day of further noncompliance. Benford v. American Broadcasting Companies, Inc., 565 F.Supp. 139 (D.Md.1983). The Clerk appealed from the final contempt order, and we stayed enforcement of the contempt fine. In re Guthrie, No. 83-1653 (4th Cir. Aug. 22, 1983).
 
 
 9
 The dispositive question on this appeal is whether a subpoena duces tecum issued by the District Court for Maryland for the deposition of a nonparty witness could properly be served outside the District of Maryland.[7] Though the Clerk has also raised his substantive constitutional defenses against production of the documents in question under the Speech or Debate and Publication Clauses, we find it unnecessary to address those claims.[8]
 
 
 10
 As noted above, the District Court denied the Clerk's motion to quash on the rationale that it possesses "an inherent power to serve a subpoena on a witness for deposition who works or resides at a place within 40 miles of this Court," and that "Rule 45, read in its entirety, permits this process." 98 F.R.D. 40, 41. The District Court relied on the supposedly similar "bulge" provision for service within 100 miles of the place of hearing or trial in Fed.R.Civ.P. 45(e)(1), and the general need for "uniformity," being unwilling to "bifurcate" the subpoena process. Id. at 41-42. Plaintiff does not appear to assert any "inherent power" of the District Court, but reasons that Fed.R.Civ.P. 45(d) ties the validity of a deposition subpoena to the place where a deposition is taken, and that a subpoena may validly be served anywhere within the area that a witness may be made to appear, or up to 40 miles beyond under Rule 45(d)(2).
 
 
 11
 Initially we are required to determine what the District Court meant by its "inherent power." The Federal Rules of Civil Procedure govern procedure in all civil suits in the United States district courts unless otherwise specified, Fed.R.Civ.P. 1, and these Rules have the effect of law through the power delegated by Congress to the Supreme Court in the Rules Enabling Act of 1934, 28 U.S.C. Sec. 2072. Whatever inherent powers the district courts may once have had, they now have no power to issue a deposition subpoena unless expressly or impliedly so authorized by the Rules. Neither plaintiff nor the District Court has identified any authority in support of such an extraordinary notion of "inherent power" exceeding the scope of the Rules. Assuming that the District Court meant rather a power implicit in the structure of the Rules themselves, we turn to an analysis of the Federal Rules to determine what power to serve a deposition subpoena has been conferred.
 
 
 12
 Fed.R.Civ.P. 4(f) stipulates that all process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, or further if authorized by federal statute or the Rules themselves, while a subpoena may be served within the territorial limits prescribed by Rule 45. Accordingly, we read the provisions of Rule 45 in pari materia. Subpoenas ad testificandum and duces tecum are authorized by 45(a) and 45(b) respectively, while 45(c) details the formalities of service for all subpoenas. Rule 45 recognizes two general functions of subpoenas; deposition subpoenas are dealt with in 45(d), which concerns us most directly, while 45(e) relates to subpoenas for attendance at a hearing or trial. 45(e)(1) only authorizes the clerk of the district court where a hearing or trial is held to issue subpoenas compelling attendance, and unlike 45(d), is quite explicit about the geographic limits of valid service:
 
 
 13
 "A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena, or at a place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place where the district court is held. When a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place."
 
 
 14
 Thus, a nonparty witness outside the state in which the district court sits, and not within the 100-mile bulge, may not be compelled to attend a hearing or trial, and the only remedy available to litigants, if the witness will not attend voluntarily, is to take his deposition pursuant to 45(d). See F. Poore & E. Koeber, 8 Cyclopedia of Federal Procedure Sec. 26.08 at 17 (3d ed. 1968).
 
 
 15
 Significantly, Rule 45(d) does not similarly restrict the power to issue a deposition subpoena to a single district court. Rule 45(d)(1) provides that service of notice to take a deposition, as required to be given to all other parties by Rules 30(b) and 31(a), constitutes sufficient authorization "for the issuance by the clerk of the district court for the district in which the deposition is to be taken of subpoenas" including provision for the inspection and copying of designated documents. The scheme of Rule 45 therefore permits a litigant to obtain a deposition subpoena in any district court of the United States regardless of where the principal litigation is pending, a discovery opportunity well established and often alluded to in the opinions of the federal courts. See, e.g. Ariel v. Jones, 693 F.2d 1058, 1060 & n. 2 (11th Cir.1982); In re Corrugated Container Anti-trust Litigation, 620 F.2d 1086, 1089-91 (5th Cir.), cert. denied sub nom. Adams Extract Co. v. Franey, 449 U.S. 1102, 101 S.Ct. 897, 66 L.Ed.2d 827 (1980). The only express limitations on nationwide discovery via deposition are that, first, the deposition must be taken in the district of the issuing court, and second, a witness may only be compelled to attend a deposition within the geographic constraints of 45(d)(2). We quote this provision of Rule 45 in full:
 
 
 16
 "A resident of the district in which the deposition is to be taken may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court. A nonresident of the district may be required to attend only in the county wherein he is served with a subpoena, or within 40 miles from the place of service, or at such other convenient place as is fixed by an order of court."
 
 
 17
 From 45(d)(2) the District Court evidently inferred that a 40-mile "bulge," analogous to the 100-mile service "bulge" of 45(e)(1), exists for service of a deposition subpoena regardless of district boundaries. Read in the context of Rule 45 as a whole, however, 45(d)(2) is seen to have nothing to do with service, but is intended to protect nonparty witnesses from being inconvenienced by being compelled to travel inordinate distances to have depositions taken. Indeed, the place of service of a subpoena is a precondition to determining where a nonresident of the district may be compelled to attend.[9]
 
 
 18
 Unfortunately, we face a dearth of precedent on the issue before us, for neither party has cited,[10] nor are we aware of any reported decision squarely addressing the question of where a deposition subpoena may be validly served, notwithstanding the innumerable subpoenas of this sort that have issued since the Rules were adopted. Professor Moore, however, has commented:
 
 
 19
 "Rule 45(d)(2) deals with the place at which a witness can be called upon to appear. It does not deal with the place at which the subpoena may be served. This [is] left governed by the general principles of territorial jurisdiction. Since service of a subpoena to take a deposition is unaided by the 100 miles provision of Rule 45(e), the subpoena must be served within the district."
 
 
 20
 5A J. Moore & J. Lucas, Moore's Federal Practice p 45.06 n. 6 (2d ed. 1982). We believe that this position is sound. Since 45(d)(1) restricts the place of taking of a deposition to the district in which the subpoena is issued, we can hardly assume that the drafters of the Rules intended that service of such subpoena extend across a wider region.[11] Furthermore, power to serve a deposition subpoena outside the district where the subpoena was issued is needless, given the easily available alternative of obtaining a subpoena from any other judicial district where the nonparty witness either resides, or if a nonresident, can be found and served. As Professor Moore has recognized:
 
 
 21
 "It often happens that in an action in one district, discovery is sought from a witness resident in another and outside the reach of process of court of the forum, making it necessary to have recourse to the district court in the district of the witness's residence for the issuance and enforcement of a subpoena."
 
 
 22
 4 J. Moore & J. Lucas, Moore's Federal Practice p 26.83 (2d ed. 1983). Ordinarily the question of whether a deposition subpoena has been served within the permitted area need never arise, since the litigant wishing to depose a nonparty witness can go wherever the witness is located, cause a subpoena to be issued in that district and duly served, and take the deposition in accordance with the attendance limitations of 45(d)(2). Plaintiff is obviously well aware of that course, having first sought to subpoena documents from the Clerk through the District Court for the District of Columbia, before withdrawing the bulk of his request and causing a new subpoena to be issued in Maryland. Why he chose to abandon proceedings in the District of Columbia is not entirely clear from the record, but the possibility of forum-shopping is a likely inference.
 
 
 23
 We therefore hold that a subpoena to take a deposition of a nonparty witness under Rule 45(d) may only be served in the judicial district where it is issued. It follows that the subpoena issued by the District Court for Maryland must be quashed for lack of proper service, and the judgment of the District Court holding the Clerk in contempt is accordingly
 
 
 24
 REVERSED.
 
 
 
 [1]
 See Benford v. American Broadcasting Companies, 502 F.Supp. 1148 (D.Md.1980) aff'd, 661 F.2d 917 (4th Cir.), cert. denied sub nom. Holton v. Benford, 454 U.S. 1060, 102 S.Ct. 612, 70 L.Ed.2d 599 (1981); Benford v. American Broadcasting Companies, 502 F.Supp. 1159 (D.Md.1980); Benford v. American Broadcasting Companies, 554 F.Supp. 145 (D.Md.1982), dismissed and remanded, 707 F.2d 504 (4th Cir.), cert. denied sub nom. Holton v. Benford, --- U.S. ----, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983)
 
 
 [2]
 This subpoena was issued against Mr. Guthrie's predecessor in office, Edmund L. Henshaw, Jr
 
 
 [3]
 The documents sought in the Maryland subpoena were those (a) "relating specifically to the transactions in suit," (b) "relating to the authorization, if any, of the Congressional Defendants to engage in the transactions in suit," (c) "pertaining to the affidavits filed by Messrs. [Representative Claude D.] Pepper and [David L.] Holton [respectively Chairman and Chief Investigator of the Select Committee on Aging]," (d) "evidencing the truth or falsity of [said] affidavits," and (e) miscellaneous documents, under a catch-all provision. Each of these five general categories was divided into several more specific subcategories of documents
 
 
 [4]
 The United States Capitol, where the subpoena was served, is 37 miles from the District Court for Maryland. Benford, 98 F.R.D. 40, 41 n. 3
 5 U.S. Const., art. I, Sec. 6, cl. 1.
 6 U.S. Const., art. I, Sec. 5, cl. 3.
 
 
 [7]
 The boundaries of this district are coterminous with those of the State of Maryland. 28 U.S.C. Sec. 100
 
 
 [8]
 Nor need we determine whether the District Court's modification of the subpoena duces tecum to provide for inspection and copying of the documents in the Clerk's custody, apart from the taking of a deposition, invalidates the subpoena. See C. Wright & A. Miller, 9 Federal Practice and Procedure Sec. 2455 at 427 & n. 35 (1971), and cases cited therein
 
 
 [9]
 The Committee on Rules of Practice and Procedure of the Judicial Conference has proposed amending Rule 45(d)(2) to read as follows:
 "A person to whom a subpoena for the taking of his deposition is directed may be required to attend at any place within 100 miles from where he resides, is employed or transacts business, or is served, or at such other convenient place as is fixed by an order of court." (emphasis added).
 The Committee Note indicates that the proposed amendment is intended to eliminate the anomalous distinction between residents and nonresidents, which often causes logistical problems in conducting litigation. Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure, Fed.R.Serv.2d Special Release at 4-5 (Aug.1983). As the emphasized portion illustrates, valid service will remain a precondition to applicability of 45(d)(2).
 
 
 [10]
 Our decisions in Norris v. Georgia, 522 F.2d 1006 (4th Cir.1975), and Central Operating Co. v. Utility Workers of America, 491 F.2d 245 (4th Cir.1974), relied upon by the Clerk, are not directly on point, as neither dealt with service of a deposition subpoena under Rule 45(d). Likewise, In re Johnson & Johnson, 59 F.R.D. 174 (D.Del.1973), cited in 5A J. Moore, infra at p 45.06 n. 6, actually dealt with the more narrow problem of where corporate officers could be deposed pursuant to service on a corporation. United States v. Cotton Valley Operators Committee, 75 F.Supp. 1 (W.D.La.1948), plaintiff's sole authority, is silent on the question of where service was effected, save that it was alleged to have been in a county other than where the depositions were to be taken. See 75 F.Supp. at 5-6. The Cotton Valley decision, it seems to us, deals with place of attendance rather than place of service
 
 
 [11]
 It may be that the District Court mistakenly believed that the 40-mile provision of 45(d)(2) creates a "bulge" for the taking of a deposition extending beyond the boundaries of a district. Such a reading conflicts with the plain language of 45(d)(1)