**UNITED STATES of America, Plaintiff,**

v.

**DAEWOO INTERNATIONAL (AMERICA) CORPORATION and Daewoo Corporation, Defendants.**

**Court No. 87–03–00528.**

United States Court of International Trade.

April 18, 1989.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Jeanne E. Davidson, A. David Lafer, Washington, D.C., and Martha Reis, for plaintiff.

Milbank, Tweed, Hadley & McCloy, Edward J. Reilly, Toni C. Lichstein and Richard D. Cleary, New York City, for defendants.

### MEMORANDUM ORDER AND OPINION

TSOUCALAS, Judge:

Plaintiff moves for a waiver from enforcement of "the 100–mile rule" under Rule 45(e) of the Rules of the United States Court of International Trade (USCIT). Defendants oppose the motion.

### *Background*

The facts surrounding this 19 U.S.C. § 1592 (1982) action are outlined in *United States of America v. Daewoo Int'l (America) Corp. and Daewoo Corp.*, 12 CIT ——, 696 F.Supp. 1534 (1988), *modified*, 12 CIT ——, 704 F.Supp. 1067 (1988). A partial

summary judgment was entered therein in favor of plaintiff as to nine entries of steel and steel products imported into the United States. The remaining issues will be the subject of a trial which is tentatively scheduled to commence on June 27, 1989. Plaintiff seeks service of trial subpoenas on witnesses who reside beyond the 100–mile radius of the location of the trial.

### Discussion

Rule 45(e) of the Rules of this Court specifies the geographic reach of this Court's subpoena power as follows:

(1) ... A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within 100 miles of the place of the hearing or trial specified in the subpoena; and, when a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place.

Under this rule, the subpoena power of this Court extends to any place within a 100–mile radius of the hearing or trial situs. In the absence of some statutory provision,[1] individuals outside this range cannot be compelled to attend and testify. The remedy as to persons who will not attend voluntarily is to take depositions and substitute these for live testimony.

Plaintiff asserts it "intends to subpoena witnesses from various locations throughout the United States, including approximately twenty witnesses from California, ten witnesses from Texas or Louisiana, and several witnesses from Oregon and Washington. *None of the witnesses we currently contemplate subpoenaing for trial reside within 100 miles of New York.*" [*Plaintiff's Memorandum in Support of*] *Motion to Waive 100–Mile Rule* at 3 (emphasis in original) (*Plaintiff's Memorandum*). According to plaintiff, the sum and substance of responses from some of the witnesses during their depositions were the following: " 'I don't know,' 'I don't remember,' 'I don't recall,' and 'That's not my job.' " *Id.* at 6. Stressing the inadequacy of these depositions, plaintiff argues "the interests of justice require the waiver of the 100–mile rule," *id.* at 7, so that the members of the jury may receive the full benefit of live testimony.

In this context, plaintiff contends 28 U.S.C. §§ 2641(a) and 2643(b) (1982)[2] empower this Court to provide the relief for which it petitions. These statutory provisions pertain to the litigants' ability to examine and cross-examine witnesses and this Court's power to provide appropriate relief. Insofar as plaintiff's assertions as to the value of the witnesses it "contemplates subpoenaing" for the purpose of proving the Government's case and the worth of these individuals' depositions remain speculative, these provisions lack sufficient basis to support the comprehensive extension of subpoena power plaintiff seeks at this phase in the litigation. The Court cannot even determine from the motion whether plaintiff seeks to have subpoenas issued to some or all of the witnesses. The statutory provisions plaintiff cites may provide adequate grounds for service of

1. *See, e.g.,* 15 U.S.C. § 23 (1982) (national subpoena power in suits by United States under antitrust laws); 38 U.S.C. § 784 (1982) (national subpoena power in actions against United States on veterans' insurance contracts). The 100–mile limit does not apply in bankruptcy actions as to a bankrupt or an officer or director of a corporate bankrupt. *See In re Totem Lodge & Country Club, Inc.,* 134 F.Supp. 158 (S.D.N.Y. 1955).

2. 28 U.S.C. § 2641 reads in part:

**§ 2641. Witnesses; inspection of documents**

(a) Except as otherwise provided by law, in any civil action in the Court of International Trade, each party and its counsel shall have an opportunity to introduce evidence, to hear and cross-examine the witnesses of the other party, and to inspect all samples and papers admitted or offered as evidence, as prescribed by the rules of the court.

Relevant portions of 28 U.S.C. § 2643 provide:

**§ 2643. Relief**

. . . .

(b) If the Court of International Trade is unable to determine the correct decision on the basis of the evidence presented in any civil action, the court may order ... such further administrative or adjudicative procedures as the court considers necessary to enable it to reach the correct decision.

subpoenas 100 miles beyond the place of trial at some later point if exigent circumstances are shown to exist or if in the public interest. In such a situation, the statutory prerequisite in Rule 45(e) "shall be construed to secure the just, speedy, and inexpensive determination" pursuant to Rule 1 of the Rules of the USCIT.

Defendants' claim that the Court is bound by the federal courts' rigid adherence to their circumscribed subpoena power is inapplicable for several reasons. As defendants state, the federal courts, under Rule 45(e) of the Federal Rules of Civil Procedure (FRCP),[3] have consistently refused to compel witnesses to appear at trial unless they can be served at any place within the district or without the district that is within 100 miles of the trial situs. *See, e.g., In re Guthrie*, 733 F.2d 634 (4th Cir.1984). The precedential value of these cases is not determinative, however, because the Court already has examined the geographic ambit of Rule 45(e) of the Rules of the USCIT in two prior actions. A motion for leave to serve subpoena beyond a 100–mile radius of the place of trial was granted in one suit, and denied in the other, reflecting a flexible method of resolving disputes involving issuance of subpoenas to compel live testimony. *See United States v. Nasser Moradi*, Court No. 82–1–00080 (Feb. 27, 1985) (motion granted); *Abitibi Price Sales Corp. v. United States*, Court No. 85–06–00793 (Oct. 24, 1988) (motion denied).

Defendants' claim is further inapplicable because this Court's unique position among the federal courts warrants a less rigid approach to the territorial limits for the effective service of subpoenas. The United States Court of International Trade pos-

sesses exclusive original subject-matter jurisdiction over "civil actions arising out of import transactions and federal statutes affecting international trade," including civil penalty suits pursuant to 19 U.S.C. § 1592. *United States v. Mizrahie*, 9 CIT 142, 145, 606 F.Supp. 703, 706 (1985) (citing Statement of President Carter, 16 Weekly Comp. of Pres.Doc. 2183 (Oct. 11, 1980)). To this end, "[t]he territorial jurisdiction of this Court is national in scope." *Id.* at 147, 606 F.Supp. at 708. It therefore cannot be said that this Court is bound to follow the "clear precedents" of the federal district courts' interpretation of FRCP Rule 45(e).[4]

Defendants' contention that the Court's distinct capacity to hold proceedings at "any place within the jurisdiction of the United States," 28 U.S.C. § 256(a) (1982), prevents an adoption of a more flexible rule for service of subpoenas similarly lacks merit. Historically, the rule against "service of subpoenas more than 100 miles from the courthouse [was] designed not only to protect witnesses from the harassment of long, tiresome trips but also, in line with our national policy, to minimize the costs of litigation." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 234, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). Observed against the reality of this Court's national jurisdictional authority, the complex nature of today's trials, and the mobility of modern life, shifting the situs of a trial several times to accommodate defendants' rigid position will necessarily lead to spiralling litigation costs. Defendants' inflexible theory may have some validity if the majority of the witnesses reside in a geographically limited area. The facts are otherwise in this case. Further, the policy

---

**3.** This rule reads in part:

(1) ... A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place *within the district,* or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena, *or at a place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place where the district court is held.* When a statute of the United States provides therefor, the court upon proper application and cause

shown may authorize the service of a subpoena at any other place. (Emphasis supplied).

If application of FRCP Rule 45(e) to this case is proper, it is axiomatic several queries need to be addressed. One interesting issue is the matter of proper construction of "any place within the district," in light of the ambulatory faculty of this Court.

**4.** *See Memorandum in Opposition to Plaintiff's Motion to "Waive" 100–Mile Limit on Service of Trial Subpoenas* at 5.

goal behind the rule for service of subpoenas is not served if it is used as a means to suppress the truth, rather than as a measure in protecting private interest of witnesses against undue inconvenience and harassment.

It is however premature to grant the blanket waiver relief which plaintiff requests because the facts alleged in plaintiff's motion are incomplete and speculative. The Court will consider individual witness-based applications to enlarge the subpoena power on a showing that such extension serves public interest, that is, facilitates the search for truth, promotes justice, and minimizes the costs of litigation. Under appropriate circumstances, 28 U.S.C. §§ 2641(a) and 2643(b) and Rule 1 of the Rules of the USCIT will satisfy the requirement under Rule 45(e) of the Rules of this Court.

### Conclusion

For the foregoing reasons, plaintiff's motion to waive the "100–mile rule" under Rule 45(e) of the Rules of this Court is denied at this point. The Court will however consider applications for waiver which are consistent with this opinion.

SO ORDERED.