**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TINA ARMSTRONG,

      Plaintiff-Appellant,

v.

LA QUINTA INNS, INC., a Delaware
corporation,

      Defendant-Appellee,

ERIC D. DIXON,

      Real Party In Interest-Appellant.

No. 01-2150
(D.C. No. CIV-99-531-BB)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **TACHA**, Chief Judge, **SEYMOUR**, Circuit Judge, and **BRORBY**, Senior
Circuit Judge.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Eric D. Dixon, counsel for plaintiff and real party in interest-appellant, is appealing from the district court's order imposing sanctions against him under Fed. R. Civ. P. 11. He is also appealing the district court's subsequent orders denying his motion for reconsideration and ordering him to pay defendant $2,860.00 in attorneys' fees. We affirm.

Prior to the commencement of the trial in this diversity case, Mr. Dixon served trial subpoenas on several nonparty witnesses who were located outside of the District of New Mexico and more than 100 miles from the place of trial. Because the witnesses were beyond the subpoena power of the district court under Fed. R. Civ. P. 45(b)(2),[1] the court quashed the subpoenas. As a result, during the first two days of trial, Mr. Dixon ran out of witnesses during plaintiff's case-in-chief, and this resulted in wasted preparation and trial time for both defendant's counsel and the court.

---

[1] *See Guthrie v. American Broadcasting Co.*, 733 F.2d 634, 637 (4th Cir. 1984) (holding that, under Rule 45, "a nonparty witness outside the state in which the district court sits, and not within the 100-mile bulge, may not be compelled to attend a hearing or trial").

Following the entry of judgment in favor of defendant, defendant moved for sanctions against Mr. Dixon under Rule 11. The district court granted the motion, finding that Mr. Dixon wasted trial time by designating the nonparty witnesses as "will call" witnesses in the pretrial order even though he did not have a reasonable basis for securing their attendance at trial by subpoena or voluntary appearance. Subsequently, after denying Mr. Dixon's motion for reconsideration and after Mr. Dixon dismissed a premature appeal to this court, the district court ordered Mr. Dixon to pay defendant $2,860.00 in attorneys' fees.

We review all aspects of the district court's Rule 11 determination under an abuse of discretion standard. *See Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992). Having carefully reviewed the record and the arguments of counsel, we hold that the district court's award of attorneys' fees was not an abuse of discretion. [2]

---

[2] On appeal, Mr. Dixon has filed his own motion for sanctions under 10th Cir. R. 46.5. Mr. Dixon claims that this court should sanction defendant and its counsel because there are allegations in defendant's answer brief that were asserted for purposes of harassment. Mr. Dixon has also moved for an extension of time to file a reply brief in support of his motion for sanctions, and he submitted a reply brief with his motion. We grant Mr. Dixon's motion for an extension of time, but deny his request for sanctions under 10th Cir. R. 46.5.

The orders of the United States District Court for the District of New Mexico are AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge