**In re D.T. INDUSTRIES, INC., Debtor.**

**D.T. INDUSTRIES, INC. and Barclays American/Commercial, Inc., Plaintiffs,**

**v.**

**MARSHALLS, INC., Fincora, Ltd., CFC Capital Corporation and Commonwealth Financial Corporation, Defendants.**

**Bankruptcy No. 86–104–C.**

United States Bankruptcy Court, S.D. Florida.

Jan. 5, 1987.

---

Phillip M. Hudson III, Miami, Fla., for debtor.

Melvin Schwartz, Boca Raton, Fla., for Leon & Rose Tenenbaum.

## MEMORANDUM DECISION

A. JAY CRISTOL, Bankruptcy Judge.

This dispute arises by way of a Motion for Protective Order filed by NCNB NATIONAL BANK OF FLORIDA ("NCNB"). The NCNB Motion for Protective Order ("NCNB Motion") was filed in this Court in response to the issuance by the Clerk of this Court of a Subpoena to Witness issued on September 23, 1986. This Subpoena was served on NCNB by FINCORA, LTD., CFC CAPITAL CORPORATION, and COMMONWEALTH FINANCIAL CORPORATION (collectively referred to hereafter as "CFC"). The discovery sought by CFC from NCNB relates to an Adversary Proceeding currently pending before the United States Bankruptcy Court for the Southern District of New York, under Case No.: 86–10004 (CB) styled *In re D.T. Industries, Inc.*

CFC requested any and all documents relating to loans by NCNB to D.T. INDUSTRIES, including documents concerning two principals of D.T., Rose & Leon Tenenbaum, and a related third-party, Benny Tenenbaum.

Counsel for the Tenenbaums argues that the issuance of a Subpoena by the Clerk of this Court is improper because the Clerk was without jurisdiction to do so and thus this Court is consequently without jurisdiction to determine the issues brought forth by NCNB's Motion for Protective Order. Counsel for the Tenenbaums suggests that the proper court to issue the Subpoena would have been the Bankruptcy Court for the Southern District of New York, where the Adversary Proceeding at issue is currently pending.

Counsel for CFC argues that the Subpoena was properly issued by the Clerk of this Court pursuant to Rule 45(d) of the Federal Rules of Civil Procedure. Counsel for NCNB is before this Court as a neutral party seeking only the direction of this Court with respect to the production of the documents demanded by the Subpoena to Witness.

Rule 45 of the Federal Rules of Civil Procedure provides the proper procedure for the issuance of subpoenas for the taking of depositions and production of documents. That Rule provides that effective proof of service of a notice of taking deposition is sufficient authorization for the issuance of a subpoena by the Clerk of the District Court *where the deposition is to be taken.* Rule 45 therefore implies that one wishing to take a deposition need only comply with the appropriate rules for noticing such depositions in order to obtain a subpoena from any of the districts within the country. This implication has been reduced to a general rule. "The scheme of Rule 45 therefore permits a litigant to ob-

tain a deposition subpoena in any district court of the United States regardless of where the principal litigation is pending, a discovery opportunity well established and often alluded to in the opinions of the Federal Court." *In re Guthrie,* 733 F.2d 634 (4th Cir.1984); *see also, Ariel v. Jones,* 693 F.2d 1058, 1060 n. 2 (11th Cir.1982).

Although the *Guthrie* case cited above discusses Rule 45 in its 1984 form, the 1986 amended version of Rule 45 has not been changed in such a way as to alter the substantive observations of the court in *Guthrie.*[1]

■ The purpose of Rule 45(d)'s allowance of service of a subpoena in the taking of a deposition in a District other than the District in which the main action is pending, is the accommodation of witnesses from being inconvenienced by being required to travel unnecessarily long distances to attend depositions. *In re Guthrie,* at 638. Further support for the Rule set forth in *Guthrie* appears at 4 J. Moore and J. Lucas, Moore's Federal Practice, ¶ 26.83[5] (2nd Ed.1983).

THEREFORE, I find that the issuance of the Subpoena by the Clerk of this Court, notwithstanding the fact that the Adversary Proceeding is pending before the Bankruptcy Court for the Southern District of Florida, is a proper exercise of this Court's jurisdiction. Consequently, this Court also has jurisdiction to determine the issues arising from the Motion for Protective Order filed by NCNB and the Court will consider and address those issues in a separate Order.

---

**1.** The Committee Note to the proposed Amendment to Rule 45(d), written in 1983, suggests that the proposed amendment to Rule 45, which was eventually adopted and incorporated in the Rules in 1985, was intended only to eliminate the imperfect and often times ambiguous distinction between "residents" and "non-residents" as defined and regulated by the prior Rule 45(b).