**In re EZ PAY SERVICES, INC., a/k/a EZ Pay Health Care, a/k/a EZ Pay Dental, a/k/a EZ Pay Medical, Debtor.**

**No. 3:06–bk–2474–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 5, 2008.

Jason B. Burnett abd Kenneth B. Jacobs, GrayRobinson, P.A., Jacksonville, FL, for the Chapter 7 Trustee, Robert Altman.

Bruce A. Minnick and John A. Minnick, The Minnick Law Firm, Tallahassee, FL, for James Distler.

## ORDER ON TRUSTEE'S MOTION TO HOLD JAMES DISTLER IN CONTEMPT OF COURT, FOR SANCTIONS AND TO COMPEL APPEARANCE

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing on November 16, 2007, to consider the Motion to Hold James Distler in Contempt of Court, for Sanctions and to Compel Appearance. (Doc. 560). The Motion was filed by Robert Altman, as Chapter 7 Trustee.

The Trustee seeks to depose Dr. James Distler for the purpose of examining his prepetition transactions with the Debtor.

In the Motion currently before the Court, the Trustee seeks the entry of an Order finding Dr. Distler in contempt of Court and imposing sanctions against Dr. Distler "due to his failure to appear and testify at multiple scheduled depositions." (Doc. 560, p. 1). The Trustee also seeks the entry of an Order compelling Dr. Distler to appear and testify at a deposition pursuant to the Federal Rules of Bankruptcy Procedure.

### Background

Dr. James Distler (Distler) is the husband of Debbie Distler, the Chief Executive Officer of the Debtor, EZ Pay Services, Inc. In the Trustee's Motion to hold Distler in contempt, the Trustee states that "[t]he Trustee's investigation of the conduct of the Debtor reveals that Dr. James Distler, DDS received more than $1,000,000.00 from the Debtor, pre-petition." (Doc. 560, ¶ 1).

On November 7, 2006, the Trustee filed a Motion to Compel James Distler to Turnover Property to the Chapter 7 Trustee, which included a request for the turnover of account information concerning any and all transfers received directly or indirectly from the Debtor. (Doc. 143).

On November 9, 2006, the Trustee served a Notice of Taking Deposition Duces Tecum on Distler. The Trustee also served Distler with a Subpoena in a Case under the Bankruptcy Code. (Doc. 184, Exhibit A). Pursuant to the Notice and Subpoena, Distler's deposition was scheduled for November 22, 2006.

Distler did not appear for the deposition on November 22, 2006.

On November 30, 2006, the Trustee filed a Motion to Hold James Distler in Contempt of Court, for Sanctions and to Compel Appearance. (Doc. 184).

On December 11, 2006, Debbie Distler filed a written Response to the Motion on behalf of Distler. (Doc. 200).

A hearing was scheduled on the Motion for February 26, 2007. (Doc. 211).

On March 5, 2007, following the hearing, the Court entered an Order on the Motion to Hold James Distler in Contempt. (Doc. 261). In the Order, the Court noted that Distler failed to appear at the hearing conducted on the motion, and found "the excuses presented on behalf of Dr. Distler, as to why he failed to appear at the scheduled deposition, not to be credible." Consequently, the Court determined that Distler was in contempt of court, but withheld the imposition of sanctions at that time. The Court ordered Distler to appear for deposition on March 19, 2007, or at some other time mutually agreed by the parties. (Doc. 261).

On March 11, 2007, Bruce A. Minnick, Esquire, as counsel for Distler, filed a Notice of Unavailability of Deponent and Motion to Continue the Deposition of Dr. James Distler until April 10, 2007. (Doc. 270). The Notice and Motion stated that Distler was in the State of Washington receiving medical treatment, but that he

intended to return to Jacksonville the first week of April, 2007.

On March 12, 2007, the Court entered an Order Denying the Motion to Continue Deposition of Dr. James Distler, and again directed Distler to appear at the deposition on March 19, 2007. (Doc. 272).

Distler did not appear for the deposition scheduled for March 19, 2007.

On March 18, 2007, one day before the scheduled deposition, Distler filed an Emergency Motion for Relief from Two Orders. (Doc. 293). On March 19, 2007, Distler filed a Motion for Reconsideration and for Immediate Relief from Two Orders. (Doc. 294). Distler's two Motions are virtually identical, and seek relief from the Orders requiring Distler to appear at the deposition scheduled for March 19, 2007.

Distler attached two documents to the Motions. First, he attached a letter dated March 14, 2007, signed by Dr. Hrayr K. Shahinian, Director of the Skull Base Institute in California. According to the letter, Distler had undergone successful surgery for a pituitary tumor on July 17, 2006, and had experienced significant hormonal imbalance difficulties afterward, but was expected to improve in the following months. Second, Distler attached the Curriculum Vitae of Dr. Shahinian to the Motions.

A hearing was conducted on Distler's two Motions on March 29, 2007. Distler was represented at the hearing by Bruce Minnick, Esquire. Distler's attorney represented that Distler was out of the State of Florida, that he would return to the State in early April, 2007, and that he was unable to attend a deposition "until sometime in early April." (Transcript, March 29, 2007 hearing, p. 16). When asked if Distler would be available for deposition between April 10 and April 30, Distler's attorney responded: "My present understanding is yes." (Transcript, p. 17).

On April 6, 2007, the Court entered an Order on James A. Distler's Two Alternative Motions for Relief from Two Orders. (Doc. 325). In the Order, the Court found that Distler is a material witness in the case, and that the Trustee "should be allowed to depose Dr. Distler under circumstances that do not impair Dr. Distler's health." The Order further recited that "[c]ounsel for the Trustee and counsel for Dr. Distler agreed to cooperate and to work together toward scheduling Dr. Distler's deposition between April 10 and April 30, 2007, at a time and place that is convenient for Dr. Distler and other persons involved, and is appropriate under these circumstances." Finally, the Order provided that if the parties were not able to agree on the time and place for the deposition, the deposition would be held at a specific time and location on April 30, 2007.

On Saturday, April 28, 2007, two days before the scheduled deposition, Distler filed a Motion for Protective Order. (Doc. 356). In the Motion, Distler generally alleges that he has a serious medical condition, and that there are less stressful methods for the Trustee to obtain the information sought.

On April 29, 2007, Distler filed a Notice of Filing Confidential Medical Records under Seal. (Doc. 358).

Distler did not appear for the deposition on April 30, 2007. A telephone hearing with the Court was conducted on that day on an emergency basis. (Doc. 366). Bruce A. Minnick, Esquire, participated in the hearing on behalf of Distler. At the hearing, Minnick represented to the Court that he had not communicated with Distler in three weeks and that he did not know where Distler was, even though he knew that Distler was aware of the deposition

scheduled for that day. (Doc. 366, Transcript, p. 14).

On May 2, 2007, the Trustee filed a Response in Opposition to Distler's Motion for Protective Order and a Request for Sanctions. (Doc. 361).

On May 3, 2007, the Trustee filed a Notice of Filing Document in Support of Trustee's Opposition to Motion for Protective Order. (Doc. 362), Attached to the Notice is a document entitled "Health Professions Quality Assurance Credential Look Up Results" from the State of Washington. The document indicates that Distler's license to practice dentistry was renewed on March 15, 2007.

A hearing was conducted on August 10, 2007, on Distler's Motion for Protective Order. (Doc. 442).

On August 13, 2007, following the hearing, the Court entered an Order on Motion for Protective Order. (Doc. 492). The Order provides:

> The Court has examined Dr. Distler's records, and acknowledges that he has suffered from genuine, significant health concerns. The records do not show that Dr. Distler is medically unable to appear and testify at a deposition, however. The Court has balanced Dr. Distler's physical condition against the importance of his testimony to this case, and for the reasons stated in this order, and also for the reasons stated in open Court, that constitute the decision of the Court, the Court determines that the Trustee should be permitted to take Dr. Distler's deposition. The deposition should be conducted, however, in accordance with the terms and conditions set forth in this Order.

(Doc. 492, p. 2). The Order directed Distler to appear for deposition on September 13, 2007, at a time of day no later than 10:00 a.m., or at some other date and time agreed by the parties. The Order limited the persons who were permitted to attend the deposition, and also limited the persons who were permitted to ask questions of Distler, in an effort to accommodate Distler's medical condition.

On August 16, 2007, Distler's attorney filed a notice of withdrawal from the representation of Dr. Distler.

Neither Distler nor any attorney on his behalf appeared at the deposition scheduled for September 13, 2007, and the Trustee filed the Motion to Hold James Distler in Contempt that is presently before the Court. (Doc. 560).

A hearing was conducted on the Motion on November 16, 2007. Neither Distler nor any attorney appearing on his behalf attended the hearing.

## Discussion

On November 9, 2006, a Subpoena was issued from the United States Bankruptcy Court for the Middle District of Florida. (Doc. 184, Exhibit A). Pursuant to the Subpoena, Distler was commanded to appear and testify at a deposition initially scheduled for November 22, 2006.

Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure, governs the issuance and service of subpoenas in bankruptcy cases. Fed.R.Civ.P. 45(a), (b). A subpoena may be issued to command attendance at a deposition. Fed.R.Civ.P.45(a)(2)(B).

██ Subpoenas may be directed to persons who are not parties to the case. Fed. R.Civ.P. 45(a), (b). "The Court must begin by reiterating a dispositive point: it has abundant legal authority to order the retrieval of information concerning a debtor and his estate from persons and entities who are not parties in a bankruptcy case, i.e., persons or entities who have neither filed a voluntary petition under 11 U.S.C.

§ 301 nor filed a proof of claim or interest under § 501. See 11 U.S.C § 542(e); Fed. R.Bankr.Pro.2004(a)-(c) and 9016; Fed. R.Civ.Pro. 45(a)-(b)." *In re Teknek, LLC*, 2006 WL 2136046, at *1 (Bankr.N.D.Ill. 2006).

■ Additionally, Bankruptcy Courts have the authority to enforce their subpoenas and orders by the power of civil contempt. *In re Sciaba*, 334 B.R. 524, 526 (Bankr.D.Mass.2005). Rule 45(e) of the Federal Rules of Civil Procedure provides:

**Rule 45. Subpoena**

. . .

■ **(e) Contempt.** Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. . . .

Fed.R.Civ.P. 45(e). With respect to the enforcement of subpoenas, the law provides that "a person who is both named in a subpoena and disobedient thereto may be subject to a contempt-of-court proceeding without any intermediate or intervening proceedings or procedures necessary. Fed, R. Civ. Pro. 45(e). 'Failure to obey a subpoena is punishable as a contempt of the issuing court.' " *In re Teknek*, 2006 WL 2136046, at *1(quoting 10 *Collier on Bankruptcy* ¶ 9016.01, at 9016–2 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. Rev.2006)).

■ "The purposes of sanctions in a civil contempt proceeding are to coerce the contemnor into complying with an order of the court and to compensate the harmed party for losses sustained on account of the contempt." *In re Sciaba*, 334 B.R. at 526(citing *In re Power Recovery Systems, Inc.*, 950 F.2d 798, 802 (1st Cir.1991)).

■ In this case, the Court finds that Distler is in contempt of Court by virtue of his failure to appear and testify at a deposition conducted by the Trustee.

The Trustee served the subpoena and scheduled the initial deposition over one year ago, and the deposition has been rescheduled by Court Order for three specific dates over the one-year period since the original Notice (March 19, April 30, and September 13, 2007). Despite multiple opportunities to comply with the subpoena, however, Distler has not offered his cooperation.

Distler's reasons for failing to attend the first scheduled deposition in November of 2006 were dismissed as not credible. (Doc. 261).

In March, 2007, Distler's attorney indicated that Distler was not in the State of Florida but would be available for deposition after April 10, 2007. (Doc. 270). Distler's attorney stated in the motion: "This motion to continue the deposition of Dr. James Distler until April 10, 2007 is not being filed for purposes of delay, nor for any purpose other than as stated herein. . . . Neither the Trustee nor any party to this proceeding will or could possibly be disadvantaged or prejudiced by this reasonable request for a very short continuance of the deposition from March 19 until April 10, 2007. Wherefore, Dr. James Distler respectfully requests this Court to continue the date and time for his deposition to April 10, 2007, or to some other date thereafter as may be agreed to by counsel for the Trustee, after good faith consultation with undersigned counsel for Dr. Distler." (Doc. 270).

Accordingly, the Court allowed the deposition to be conducted at the parties' convenience between April 10 and April 30, 2007. (Doc. 325). Distler did not cooperate to set a deposition at a mutually convenient time, however, and did not attend the deposition set for April 30, 2007.

Further, it is significant that the medical explanations for not attending the scheduled depositions have been carefully evaluated and accommodated. (Doc. 492). The deposition scheduled for September 13, 2007, for example, included express conditions to minimize any stress that might be caused to Distler as a result of providing his testimony.

Finally, the Court notes that Distler has never personally appeared at any of the proceedings conducted in this matter, and did not enter an appearance or respond in any way to the Trustee's most recent Motion for Contempt.

All reasonable accommodations have been provided to Distler regarding the scheduling of his deposition, and he has disregarded those accommodations.

Accordingly, the deposition of Distler shall be rescheduled upon the following terms:

1. The Trustee shall use his best efforts to obtain personal service of this Order on Distler.

2. The Trustee shall reschedule Distler's deposition for a date no later than March 31, 2008. The Trustee shall use his best efforts to obtain personal service of the Notice of Rescheduled Deposition on Distler, and the Trustee shall use his best efforts to obtain personal service on Distler of a subpoena for the deposition in accordance with Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

3. Within twenty (20) days of the date of this Order, the Trustee shall file a Return of Service reflecting that Distler was personally served with a copy of this Order, the Notice of Rescheduled Deposition, and a subpoena for the deposition. In the event that the Trustee is unable to effect personal service on Distler, the Trustee shall file a certificate describing his efforts to serve Distler with a copy of the Order and Notice.

4. Distler shall have ten (10) days from the date that he is served with the Order, Notice, and subpoena to contact the Trustee for the purpose of rescheduling the deposition to a mutually agreed date, time, and location, and neither the Trustee nor Distler shall withhold such agreement unreasonably. If Distler fails to contact the Trustee, the deposition will be conducted as set forth in the Trustee's Notice of Rescheduled Deposition.

5. Upon finalizing the arrangements for the deposition, the Trustee shall file a Notice informing the Court of the date, time, and location of the deposition.

6. The deposition shall be conducted on the same terms and conditions as set forth in the Court's Order dated August 13, 2007, except as modified herein:

A. If the Trustee and Distler are in different districts, the deposition may be conducted by video transmission.

B. Alternative Debt Portfolios, LLC and Alternative Debt Portfolios, LP shall be permitted to participate in the deposition, and to ask Distler questions, through their attorney, Roy Robert, Esquire.

C. The deposition may be taken by oral examination, and shall be conducted in accordance with Rule 30 of the Federal Rules of Civil Procedure, except as otherwise provided in this Order.

D. The scope of the deposition shall be consistent with the Federal Rules of Civil Procedure.

E. The deposition may be recorded by sound, sound-and-visual, or stenographic means pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure.

7. The Trustee may employ all legal processes that are available to him under

the Federal Rules of Civil Procedure to ensure Distler's continuing obligation to comply with the original subpoena dated November 9, 2006, or any re-issued subpoena.

No further continuances of the deposition are appropriate. If Distler fails to attend and testify as specified above, the Court will exercise its power to impose sanctions in accordance with Rule 45(e) of the Federal Rules of Civil Procedure and applicable law.

Such sanctions may include the payment to the Trustee of a daily sum for each day pending Distler's compliance with the subpoena, and payment to the Trustee of all of the legal fees incurred by the Trustee in enforcing the subpoena. *In re Sciaba,* 334 B.R. at 526.

Appropriate sanctions may also include the Court's determination that any information presently withheld by Distler is inadmissible as evidence in the event that the Trustee brings an action against him based on his dealings with the Debtor. See Rule 37(b) of the Federal Rules of Civil Procedure, regarding sanctions for failure to make disclosures or cooperate in discovery.

Finally, § 1826 of title 28 provides in part:

**28 U.S.C. § 1826. Recalcitrant witnesses**

■ (a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, *may summarily order his confinement at a suitable place* until such time as the witness is willing to give such testimony or provide such information....

28 U.S.C. § 1826(Emphasis supplied). "The use of the word 'any' indicates that Congress intended this section to apply to bankruptcy proceedings. Even without the statute, a court may coerce a recalcitrant witness to testify through incarceration." *In re Martin–Trigona,* 732 F.2d 170, 174 (2d Cir.1984).

Accordingly:

**IT IS ORDERED** that:

A. The Trustee's Motion to Hold James Distler in Contempt of Court, for Sanctions and to Compel Appearance is granted in part and denied in part as set forth in this Order.

B. Robert Altman, as Chapter 7 Trustee, is permitted to take the deposition of Dr. James Distler upon the following conditions:

1. The Trustee shall use his best efforts to obtain personal service of this Order on Distler.

2. The Trustee shall reschedule Distler's deposition for a date no later than March 31, 2008. The Trustee shall use his best efforts to obtain personal service of the Notice of Rescheduled Deposition on Distler, and the Trustee shall use his best efforts to obtain personal service on Distler of a subpoena for the deposition in accordance with Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

3. Within twenty (20) days of the date of this Order, the Trustee shall file a Return of Service reflecting that Distler was personally served with a copy of this Order, the Notice of Rescheduled Deposition, and a subpoena for the deposition. In the event that the Trustee is unable to effect personal service on Distler, the Trustee shall file a certificate

describing his efforts to serve Distler with a copy of the Order and Notice.

4. Distler shall have ten (10) days from the date that he is served with the Order, Notice, and subpoena to contact the Trustee for the purpose of rescheduling the deposition to a mutually agreed date, time, and location, and neither the Trustee nor Distler shall withhold such agreement unreasonably. If Distler fails to contact the Trustee, the deposition will be conducted as set forth in the Trustee's Notice of Rescheduled Deposition.

5. Upon finalizing the arrangements for the deposition, the Trustee shall file a Notice informing the Court of the date, time, and location of the deposition.

6. The deposition shall be conducted on the same terms and conditions as set forth in the Court's Order dated August 13, 2007, except as modified herein:

A. If the Trustee and Distler are in different districts, the deposition may be conducted by video transmission.

B. Alternative Debt Portfolios, LLC and Alternative Debt Portfolios, LP shall be permitted to participate in the deposition, and to ask Distler questions, through their attorney, Roy Kobert, Esquire.

C. The deposition may be taken by oral examination, and shall be conducted in accordance with Rule 30 of the Federal Rules of Civil Procedure, except as otherwise provided in this Order.

D. The scope of the deposition shall be consistent with the Federal Rules of Civil Procedure.

E. The deposition may be recorded by sound, sound-and-visual, or stenographic means pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure.

7. The Trustee may employ all legal processes that are available to him under the Federal Rules of Civil Procedure to ensure Distler's continuing obligation to comply with the original subpoena dated November 9, 2006, or any re-issued subpoena.

C. No further postponements of the deposition are appropriate. In the event that James Distler fails to appear and testify at a deposition as arranged above, the Court will exercise its contempt powers by invoking some or all of the sanctions set forth in this Order.