In re Shriram S. MARATHE and
Karen Rav–Marathe,
Debtors.

No. 3:10–bk–10758–PMG.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 10, 2011.

Robert Altman, Robert Altman Att. at Law, Palatka, FL, for Debtors.

**ORDER ON MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING TRUSTEE'S MOTION FOR A RULE 2004 EXAMINATION AND MOTION FOR A PROTECTIVE ORDER FOR KAVERI MARATHE**

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider Kaveri Marathe's Motion for Reconsideration of Court's Order Granting Trustee's Motion for a Rule 2004 Examination and Motion for a Protective Order.

On July 8, 2011, the Court entered an Order authorizing the Chapter 7 Trustee to conduct a 2004 examination of Kaveri Marathe (Kaveri) pursuant to the Federal Rules of Bankruptcy Procedure. In her Motion for Reconsideration of the Order, Kaveri primarily asserts that the proposed examination is impermissible because it violates her rights under the due process clause of the United States Constitution.

The Court finds that the Order authorizing the Trustee to conduct the examination was appropriate, and that the Trustee should be permitted to examine Kaveri in accordance with Rule 2004 and Rule 9016 of the Federal Rules of Bankruptcy Procedure.

### Background

The Debtors, Shriram S. Marathe and Karen Rav–Marathe, filed a petition under Chapter 7 of the Bankruptcy Code on December 15, 2010. The petition was filed in the Bankruptcy Court for the Middle District of Florida.

On their schedule of assets filed with the petition, the Debtors listed the following interest in real property:

H & W hold a ½ interest with daughter in cooperative apartment located at 26 Cornelia St., New York, N.Y. (JTWRS)

(the Apartment). The Debtors indicated in the schedules that the Apartment was not encumbered by any liens, and that the current value of their interest in the Apartment was unknown. The Debtors did not claim the Apartment as exempt on their schedule of exemptions.

On June 30, 2011, the Chapter 7 Trustee filed a Motion to conduct the examination

of Kaveri Marathe, the Debtor's daughter, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. (Doc. 76). In the Motion, the Trustee alleged that the Debtors had disclosed their interest in the Apartment on their schedules, that the Trustee's investigation had revealed that the Apartment "was purchased by the Debtors and purportedly their daughter Kaveri Marathe," and that New York City's public records reflect that the Apartment is owned jointly by the Debtors and Kaveri. (Doc. 76, ¶ 7). The Trustee also alleged that she needed additional information regarding the consideration paid by Kaveri for her interest in the Apartment, the relative interests of the Debtors and Kaveri in the Apartment, the existence of any unrecorded transfers related to the Apartment, and the current usage of the Apartment. (Doc. 76, ¶ 13).

On July 8, 2011, the Court entered an Order granting the Trustee's Motion for Rule 2004 Examination, and directed Kaveri to appear for examination at a time and place to be scheduled by the Trustee. (Doc. 78).

On July 26, 2011, Kaveri filed the Motion for Reconsideration and for a Protective Order that is currently under consideration. (Doc. 86). In the Motion, Kaveri acknowledges that she has an ownership interest in the Apartment, and asserts that she "lives, resides and works in New York, is a nondebtor in the instant bankruptcy proceeding, and does not have the 'minimum contacts' with either the Federal Judicial District for the Middle District of Florida or with the State of Florida necessary, pursuant to the requirements of the Due Process Clause, for this Court to subject her to a Rule 2004 Examination." (Doc. 86, ¶¶ 1, 10).

In response to Kaveri's Motion for Reconsideration, the Trustee contends that the Debtors' interest in the Apartment is an asset of the bankruptcy estate, and that the Trustee is entitled to examine Kaveri in Kaveri's capacity as a co-owner of the Apartment. According to the Trustee, the examination had been scheduled for August 17, 2011, in New York City. The subpoena for the examination had been issued by an attorney in New York City who was employed as special counsel for the Trustee. (Doc. 88).

## Discussion

■ The Court finds that the Order authorizing the Trustee to conduct Kaveri's examination was properly entered, and that the Trustee is entitled to examine Kaveri pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. Trustees and parties in interest in bankruptcy cases may examine any person, including nondebtors, regarding matters that affect the administration of the bankruptcy estate. Additionally, Kaveri's attendance at an examination in New York City will not violate her due process rights, because she has knowledge of property of the bankruptcy estate, and because the examination will be conducted in the district in which she resides.

### I. The Debtors' interest in the Apartment is property of the bankruptcy estate.

■ The filing of a voluntary bankruptcy petition creates a bankruptcy estate consisting of all of the debtor's property as of the commencement of the case. Section 541(a) of the Bankruptcy Code provides in part:

**11 U.S.C. § 541. Property of the estate**

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, *wherever located* and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal and equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(Emphasis supplied). "The scope of section 541(a) of the Bankruptcy Code is intentionally broad. It not only includes property in which a debtor has an equity interest, it includes all property in which a debtor has *any* interest." *In re Chambers,* 451. B.R. 621, 622 (Bankr.N.D.Ga.2011)(Emphasis in original). Pursuant to § 541, property of the estate includes all property "wherever located" in which the debtor had an interest, regardless of territorial borders. *In re Lykes Bros. Steamship Co., Inc.,* 207 B.R. 282, 287 (Bankr.M.D.Fla.1997).

■ In this case, the Debtors listed an interest in the Apartment on their bankruptcy schedules, and did not claim the interest as exempt. The Debtors' interest in the Apartment is property of the estate, even though the bankruptcy petition was filed in Florida, and the Apartment is located in New York.

## II. The Bankruptcy Court has jurisdiction of the Apartment.

■ The jurisdiction of Bankruptcy Courts is set forth at 28 U.S.C. § 1334. Section 1334(e) of title 28 provides in part:

28 USC § 1334. Bankruptcy cases and proceedings

. . .

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—

(1) Of all the property, *wherever located,* of the debtor as of the commencement of such case, and of property of the estate; . . .

28 U.S.C. § 1334(e) (Emphasis supplied). Under this provision, the Bankruptcy Court has exclusive jurisdiction over property of the bankruptcy estate, and over disputes regarding whether specific property is property of the estate. *In re Cox,* 433 B.R. 911, 920 (Bankr.N.D.Ga.2010). "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (quoted in *In re Ryan,* 2008 WL 1969593, at 2 (11th Cir.)).

■ By providing for bankruptcy court jurisdiction over all property of the estate "wherever located," the statute is intended to have "global reach." *In re Globo Comunicacoes e Participacoes S.A.,* 317 B.R. 235, 250 (S.D.N.Y.2004). "Section 1334(e) ... embodies a Congressional determination that bankruptcy courts should determine rights in property of bankrupt estates regardless of where that property may be found." *In re Gucci,* 309 B.R. 679, 683 (S.D.N.Y.2004).

■ As shown above, the Debtors' interest in the Apartment is property of their bankruptcy estate. Consequently, the Bankruptcy Court has jurisdiction over their interest in the Apartment pursuant to 28 U.S.C. § 1334(e), even though the bankruptcy petition was filed in Florida and the Apartment is located in New York.

## III. Kaveri could be served with process in an adversary proceeding related to the Apartment.

■ Adversary proceedings in bankruptcy cases are governed by Part VII of the Federal Rules of Bankruptcy Procedure. Rule 7004 of the Rules relates to service of the summons and complaint in an adversary proceeding. Rule 7004 provides in part:

**Rule 7004. Process; Service of Summons, Complaint**

. . .

**(d) NATIONWIDE SERVICE OF PROCESS.** The summons and complaint and all other process except a subpoena may be served *anywhere in the United States.*

. . .

**(f) PERSONAL JURISDICTION.** If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Fed.R.Bankr.P. 7004(d), (f) (Emphasis supplied). Under these provisions, personal jurisdiction may be established over a defendant in an adversary proceeding if (1) service of process is made in accordance with the Rules, (2) the proceeding arises under or relates to a bankruptcy case, and (3) the Court's exercise of jurisdiction is consistent with the Constitution and laws of the United States. *In re Texas Reds, Inc.,* 2010 WL 1711112, at 2 (Bankr.D.N.M.).

In this case, for example, Kaveri could be served with a summons and complaint "anywhere in the United States." In other words, she could be served with a complaint in an adversary proceeding in New York, even though her parents' bankruptcy case was filed in Florida. Fed.R.Bankr.P. 7004(d).

Additionally, an adversary proceeding against Kaveri would arise under or relate to her parents' bankruptcy case, to the extent that the proceeding involved a determination of the relative rights of Kaveri and the Debtors in the Apartment. The Debtors' interest in the Apartment is property of the estate, and the outcome of the proceeding could conceivably have an effect on the estate being administered in the bankruptcy case. *In re Texas Reds, Inc.,* 2010 WL 1711112, at 3.

Under Rule 7004, therefore, personal jurisdiction over Kaveri may be established in an adversary proceeding related to the Apartment, if such personal jurisdiction is "consistent with the Constitution and laws of the United States."

Because the "applicable rules of procedure permit nationwide service of process, many courts addressing the question of constitutional due process conclude that a minimum contacts inquiry with the state where the bankruptcy court is located is unnecessary; rather, the nationwide service of process authorized by Fed. R.Bankr.P. 7004(d) extends personal jurisdiction over any person who has sufficient minimum contacts with the United States." *Id.* "Where Congress has spoken by authorizing nationwide service of process, . . . the jurisdiction of a federal court need not be confined by the defendant's contact with the state in which the federal court sits." *In re DBSI, Inc.,* 451 B.R. 373, 376 (Bankr.D.Del.2011) (quoting *Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361, 369 (3d Cir.2002)). "Because Rule 7004(d) provides for nationwide service of process, the relevant forum is the United States." *In re DBSI, Inc.,* 451 B.R. at 377. In other words, "personal jurisdiction under Fed.R.Bankr.P. 7004(f) meets constitutional concerns based on the defendant's contacts with the United States, rather than the state where the bankruptcy court is located." *In re Texas Reds, Inc.,* 2010 WL 1711112, at 4 (citing *Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1244 (7th Cir.1990)).

Kaveri lives and works in the United States. In an adversary proceeding regarding her relative interest in the Apartment, therefore, this Court could obtain personal jurisdiction over Kaveri if she were served with process under Rule 7004, regardless of her contacts with the Middle District of Florida.

### IV. A Rule 2004 examination is an investigative tool prior to the filing of an adversary proceeding.

In this case, of course, Kaveri is not a named defendant in any adversary proceeding. Instead, the Trustee filed a Motion to conduct a 2004 examination of Kaveri, and the Court granted the Motion.

 The purpose of Rule 2004 of the Federal Rules of Bankruptcy Procedure "is to provide a tool to parties to a bankruptcy, particularly trustees, to obtain information" concerning the conduct or property of the debtor, and any matters that may affect the administration of the bankruptcy estate. *In re DeShetler*, 453 B.R. 295, 301 (Bankr.S.D.Ohio 2011). Rule 2004 provides in part:

**Rule 2004. Examination**

**(a) Examination on motion**

On motion of any party in interest, the court may order the examination of *any entity.*

**(b) Scope of examination**

The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to *the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate,* or to the debtor's right to a discharge. . . .

**(c) Compelling attendance and production of documents**

The attendance of an entity for examination and for the production of documents, *whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016* for the attendance of a witness at a hearing or trial.

Fed.R.Bankr.P. 2004(a), (b), (c) (Emphasis supplied). The scope of an examination under Rule 2004 is broad, and the Rule is properly used to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. 204, 208 (Bankr.E.D.Tenn.2000) (citing *In re McLaren*, 158 B.R. 655 (N.D.Ohio 1992)).

 "The broad scope of a 2004 examination arises out of its purpose. Particularly in chapter 7 cases, such as the ones before the court, it is an investigatory device trustees can use in order to quickly gather the information they need in order to do their job properly." *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D.Ind.2010). Accordingly, a motion for authority to conduct a 2004 examination may be granted ex parte, without a hearing. *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y.2004) (quoting *In re Wilcher*, 56 B.R. 428, 434 (Bankr.N.D.Ill.1985)). See also *In re Symington*, 209 B.R. 678, 689 (Bankr.D.Md.1997) ("Rule 2004 motions are generally granted *ex parte*, as was the case here, without the advance notice required to be given in a contested matter.") (citing 9 Collier on Bankruptcy ¶ 2005.01[2] (15th ed. rev. 1996)).

### V. Attendance at a 2004 examination is compelled by a subpoena under Rule 45.

 According to subsection (c) of Rule 2004, the attendance of "any entity" at a 2004 examination may be "compelled as provided in Rule 9016" of the Federal Rules of Bankruptcy Procedure. Rule

9001 provides that the definitions in § 101 of the Bankruptcy Code apply, and § 101(15) provides that the term "entity" includes a person. Rule 9016 provides that Rule 45 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code. Fed.R.Bankr.P. 9016.

Rule 45 governs the issuance and service of subpoenas in proceedings in Courts of the United States. Fed.R.Civ. P. 1. Rule 45 provides in part:

**Rule 45. Subpoena**

**(a) In General.**

 **(1) *Form and Contents.***

 (A) *Requirements—In General.* Every subpoena must:

 . . .

 (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises.

 . . .

 **(2) *Issued from Which Court.*** A subpoena must issue as follows:

 . . .

 (B) for attendance at a deposition, from the court for the district where the deposition is to be taken;

 . . .

**(b) Service.**

 . . .

 **(2) *Service in the United States.*** Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:

 (A) within the district of the issuing court;

 . . .

**(c) Protecting a Person Subject to a Subpoena.**

 . . .

 **(3) *Quashing or Modifying a Subpoena.***

 (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 . . .

 (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

F.R.Civ.P. 45. The "primary and traditional function" of a subpoena is to "compel the attendance of witnesses and the production of documents to formal court proceedings during the pretrial stage of the civil case or at trial," for the intended purpose of gathering all of the information necessary to determine the issues before the Court. *United States v. Santiago-Lugo,* 904 F.Supp. 43, 46–47 (D.P.R.1995).

A subpoena may be issued under Rule 45, therefore, to compel the attendance of a non-party at a deposition, and subsection (a)(2) of Rule 45 expressly permits the subpoena to be issued in the district where the deposition is to be taken.

Rule 45 therefore implies that one wishing to take a deposition need only comply with the appropriate rules for noticing such depositions in order to obtain a subpoena from any of the districts within the country. This implication has been reduced to a general rule. "The scheme of Rule 45 therefore permits a litigant to obtain a deposition subpoena *in any district court of the United States regardless of where the principal litigation is pending,* a discovery opportunity well established and often alluded to in the opinions of the Federal Court."

*In re Guthrie,* 733 F.2d 634 (4th Cir. 1984); *see also, Ariel v. Jones,* 693 F.2d 1058, 1060 n. 2 (11th Cir.1982).

*In re D.T. Industries, Inc.,* 70 B.R. 235, 236–37 (Bankr.S.D.Fla.1987) (Emphasis supplied). Rule 45, therefore, allows a deposition subpoena to be issued in any district of the United States. This authorization is consistent with subsection (c) of Rule 2004, which provides that a 2004 examination may be conducted "within or without the district in which the case is pending." F.R.Bankr.P.2004(c).

## VI. Kaveri may be compelled to attend the 2004 examination.

▓▓▓▓ In this case, the Debtors disclosed on their schedules that they owned a one-half interest in the Apartment as of the commencement of the bankruptcy case. According to the Debtors, the Apartment was not encumbered by any liens, was of unknown value, and was not claimed as exempt. The Debtors' interest in the Apartment is property of the bankruptcy estate under § 541 of the Bankruptcy Code, and the Bankruptcy Court has jurisdiction over the Debtors' interest in the Apartment pursuant to 28 U.S.C. § 1334(e).

In the Motion for 2004 examination, the Trustee asserted that New York's public records reflect that the Apartment is jointly owned by the Debtors and Kaveri, and Kaveri concedes that she has an ownership interest in the Apartment. (Doc. 76, ¶ 7; Doc. 86, ¶ 1).

The Trustee therefore requested permission to conduct a 2004 examination of Kaveri, so that she could assess the extent and value of the estate's interest in the Apartment. The Trustee's duty to evaluate the estate's interest in the Apartment is a valid purpose for the examination, as supported by the schedules and record, and Kaveri has not shown that the exami-

nation was intended to abuse or harass her. See *In re Youk–See,* 450 B.R. 312, 319 (Bankr.D.Mass.2011).

Kaveri asserts, however, that she "lives, resides and works in New York, is a non-debtor in the instant bankruptcy proceeding, and does not have the 'minimum contacts' with either the Federal Judicial District for the Middle District of Florida or with the State of Florida necessary, pursuant to the requirements of the Due Process Clause, for this Court to subject her to a Rule 2004 Examination." (Doc. 86, ¶¶ 1, 10).

The Court finds that Kaveri may be compelled to attend the 2004 examination in New York City. The Trustee had scheduled the 2004 examination for August 17, 2011, in New York City, and the subpoena to compel Kaveri's attendance at the examination was issued by an attorney in New York City who was employed as special counsel for the Trustee. (Doc. 88).

First, the Court finds that the Trustee may conduct the examination in New York, even though Kaveri is not a debtor in any bankruptcy proceeding.

Additionally, the Court finds that requiring Kaveri to attend the examination will not violate her due process rights under the United States Constitution, because Kaveri has knowledge of property of the bankruptcy estate, and because attending the examination in her own district does not amount to an undue burden or a "constitutionally significant inconvenience." *In re Texas Reds, Inc.,* 2010 WL 1711112, at 4

### A. The Trustee may examine nondebtors.

▓▓▓▓ Rule 2004 of the Federal Rules of Bankruptcy Procedure specifically provides that "any entity" may be examined by a party in interest. The phrase "any entity" is not limited to the debtor or its agents, but is properly extended to credi-

tors and third parties who have had dealings with the debtor. *In re Fearn*, 96 B.R. 135, 138 (Bankr.S.D.Ohio 1989) (quoted in *In re DeShetler*, 453 B.R. 295, 302 (Bankr. S.D.Ohio 2011)). The subpoena compelling an entity's attendance at a 2004 examination may be directed to persons who are not parties to the bankruptcy case. *In re EZ Pay Services, Inc.*, 389 B.R. 776, 779 (Bankr.M.D.Fla.2008).

The Court must begin by reiterating a dispositive point: it has abundant legal authority to order the retrieval of information concerning a debtor and his estate from persons and entities who are not parties in a bankruptcy case, i.e., persons or entities who have neither filed a voluntary petition under 11 U.S.C. § 301 nor filed a proof of claim or interest under § 501. *See* 11 U.S.C. § 542(e); Fed. R. Bankr.Pro.2004(a)–(c) & 9016; Fed. R.Civ.P. 45(a)–(b). *In re Teknek, LLC*, 2006 WL 2136046, at 1 (Bankr.N.D.Ill.2006). Under Rule 2004, a court may authorize the examination of third parties in relation to the administration of a bankruptcy estate. *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr.S.D.N.Y. 2002). In *In re Symington*, 209 B.R. 678, 690 (Bankr.D.Md.1997), for example, the Court determined that the debtor's mother, who was also his partner in various business transactions, was the proper subject of a 2004 examination.

The Trustee in this case may conduct a Rule 2004 examination of Kaveri, even though she is not a debtor in any bankruptcy case.

### B. Kaveri has knowledge of property of the estate.

It is clear that Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizes a trustee to examine persons who are not debtors in any bankruptcy case. The next issue, therefore, is whether such nondebtors may be compelled to attend an examination pursuant to Rule 2004, even if they have not had any contacts with the district in which the bankruptcy case is pending. In this case, for example, Kaveri asserts that the Trustee in her parents' bankruptcy case is not entitled to examine her because she lives and works in New York, and does not have the "minimum contacts" with Florida that are required by the due process clause of the United States Constitution.

Kaveri's constitutional objections to the examination should be overruled. First, as shown above, Rule 45 of the Federal Rules of Civil Procedure provides a specific procedure for the issuance and service of subpoenas in districts other than the district where the underlying action is pending. Pursuant to subsections (a)(2) and (b)(2) of Rule 45, deposition subpoenas may be issued and served in the district where the deposition is to be taken. Under those provisions, a deposition subpoena may be obtained in any district of the United States. *In re D.T. Industries, Inc.*, 70 B.R. at 236–37. To obtain personal jurisdiction over a non-party for purposes of a deposition or production of documents, the non-party is served with a subpoena under Rule 45. See *In re Jee*, 104 B.R. 289, 293 (Bankr.C.D.Cal.1989).

Second, the due process clause of the United States Constitution does not require a non-party witness to have "minimum contacts" with the district in which a federal action is pending. Instead, where a non-party witness has been subpoenaed for a deposition in a federal case, the appropriate inquiry is whether the witness has "a nexus to the activities being investigated in the underlying legal proceeding." *In re Teknek, LLC*, 2006 WL 2136046, at 6 (Bankr.N.D.Ill.)(citing *Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 416–19 (10th Cir.1996)).

To obtain jurisdiction over a nondebtor witness in a bankruptcy case, therefore, the "nexus" to the case that is required is that the witness have "knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate." See *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr.S.D.N.Y.2002). Examinations under Rule 2004 are properly extended to third parties who have had "dealings with the debtor." *In re Fearn*, 96 B.R. 135, 138 (Bankr.S.D.Ohio 1989).

In this case, Kaveri is the Debtors' daughter. She co-purchased and is a co-owner of the Apartment with the Debtors. The Debtors' interest in the Apartment is property of the estate, and Kaveri is in possession of the Apartment.

Kaveri's contacts with the Debtors and with property of the estate provide a sufficient nexus with the bankruptcy case to satisfy the due process clause of the Constitution. Compelling Kaveri to attend an examination regarding her interest in the Apartment does not violate "traditional notions of fair play and substantial justice." *In re DBSI, Inc.*, 451 B.R. 373, 376–77 (Bankr.D.Del.2011).

## C. Kaveri's examination in New York City is not an unconstitutional burden.

Finally, requiring Kaveri to attend an examination in New York City does not represent a "constitutionally significant inconvenience." *In re Texas Reds, Inc.*, 2010 WL 1711112, at 4.

A subpoena to compel a person to attend a 2004 examination is issued and served in accordance with Rule 45 of the Federal Rules of Civil Procedure. Rule 45(c) expressly protects non-parties from undue inconvenience or expense by providing that they may not be required to travel more than 100 miles for the examination. Fed. R.Civ.P. 45(c)(3); *In re Dolezal*, 2009 WL

764542, at 2 (D.Ariz.). In this case, the examination is to be conducted in New York City, the city in which Kaveri lives and works. Kaveri has not shown that her attendance at the examination will impose an undue burden on her, or otherwise cause grave inconvenience or disadvantage.

### Conclusion

On July 8, 2011, the Court entered an Order authorizing the Chapter 7 Trustee to conduct a 2004 examination of Kaveri Marathe. The Court finds that the Order was properly entered, and that the Trustee should be permitted to examine Kaveri Marathe pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. The Trustee may examine any entity, including nondebtors, regarding matters that affect the administration of the estate. Additionally, Kaveri Marathe's attendance at an examination in New York City will not violate her due process rights under the United States Constitution, because she has knowledge of property of the bankruptcy estate, and because the examination will be conducted in the district in which she resides.

Accordingly:

**IT IS ORDERED** that Kaveri Marathe's Motion for Reconsideration of Court's Order Granting Trustee's Motion for a Rule 2004 Examination and Motion for Protective Order is denied.